**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

EASTERN DISTRICT OF NORTH CAROLINA

Case number *(if known)* _____

Chapter you are filing under:

☐ Chapter 7
☐ Chapter 11
☐ Chapter 12
☑ Chapter 13

☐ Check if this an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy
**12/17**

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
|---|---|

|  | | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|---|
| **1.** | **Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | **Daniel**<br>First name<br><br>**Jay**<br>Middle name<br><br>**Savage, II**<br>Last name and Suffix (Sr., Jr., II, III) | First name<br><br>Middle name<br><br>Last name and Suffix (Sr., Jr., II, III) |
| **2.** | **All other names you have used in the last 8 years**<br><br>Include your married or maiden names. | | |
| **3.** | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx-xx-3913 | |

Debtor 1    **Daniel Jay Savage, II**                                          Case number *(if known)* _____

|  | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|

**4.** **Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**

Include trade names and *doing business as* names

☐ I have not used any business name or EINs.

**DBA  Budget Plumbing**
_____
Business name(s)

_____
EINs

☐ I have not used any business name or EINs.

_____
Business name(s)

_____
EINs

**5.** **Where you live**

**188 Woodland Drive**
**Newport, NC 28570**
_____
Number, Street, City, State & ZIP Code

**Carteret**
_____
County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

_____
Number, P.O. Box, Street, City, State & ZIP Code

**If Debtor 2 lives at a different address:**

_____
Number, Street, City, State & ZIP Code

_____
County

**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.

_____
Number, P.O. Box, Street, City, State & ZIP Code

**6.** **Why you are choosing *this district* to file for bankruptcy**

*Check one:*

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)
_____

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)
_____

Debtor 1    **Daniel Jay Savage, II** _____    Case number *(if known)* _____

| **Part 2:** | **Tell the Court About Your Bankruptcy Case** |
|---|---|

**7.    The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)).* Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7
☐ Chapter 11
☐ Chapter 12
☑ Chapter 13

**8.    How you will pay the fee**

☑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments. If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9.    Have you filed for bankruptcy within the last 8 years?**

☐ No.
☑ Yes.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | ncebke | When | 6/24/16 | Case number | 16-03323 |
| District | ncebke | When | 1/10/14 | Case number | 14-00213 |
| District | See Attachment | When | | Case number | |

**10.    Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No
☐ Yes.

| Debtor | | | | Relationship to you | |
|---|---|---|---|---|---|
| District | | When | | Case number, if known | |
| Debtor | | | | Relationship to you | |
| District | | When | | Case number, if known | |

**11.    Do you rent your residence?**

☑ No.    Go to line 12.
☐ Yes.    Has your landlord obtained an eviction judgment against you?

    ☐ No. Go to line 12.

    ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

| Debtor 1 | Daniel Jay Savage, II | Case number *(if known)* |
|---|---|---|

---

**Part 3:** **Report About Any Businesses You Own as a Sole Proprietor**

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☐ No.  Go to Part 4.

☑ Yes.  Name and location of business

**Budget Plumbing**
Name of business, if any

**Attention:  Managing Agent**
**188 Woodland Drive**
**Newport, NC 28570**
Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☑ None of the above

---

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines.* If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. 1116(1)(B).

☑ No.  I am not filing under Chapter 11.

☐ No.  I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.  I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

---

**Part 4:** **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention**

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No.
☐ Yes.

What is the hazard?

If immediate attention is needed, why is it needed?

Where is the property?

Number, Street, City, State & Zip Code

---

| Debtor 1 | **Daniel Jay Savage, II** | Case number *(if known)* |
|---|---|---|

| Part 5: | Explain Your Efforts to Receive a Briefing About Credit Counseling |
|---|---|

|  | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

| Debtor 1 | **Daniel Jay Savage, II** | Case number *(if known)* | |
|---|---|---|---|

| **Part 6:** | **Answer These Questions for Reporting Purposes** |
|---|---|

| **16.** | **What kind of debts do you have?** | 16a. | **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose." |
|---|---|---|---|

☐ No. Go to line 16b.

☑ Yes. Go to line 17.

16b.  **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.

☐ Yes. Go to line 17.

16c.  State the type of debts you owe that are not consumer debts or business debts

---

**17.  Are you filing under Chapter 7?**

☑ No.   I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ Yes.   I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No

☐ Yes

---

**18.  How many Creditors do you estimate that you owe?**

| | | |
|---|---|---|
| ☑ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**19.  How much do you estimate your assets to be worth?**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☑ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**20.  How much do you estimate your liabilities to be?**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐  $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☑ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor 1   **Daniel Jay Savage, II**                                          Case number *(if known)*

| Part 7: | Sign Below |
|---|---|

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

/S/Daniel Jay Savage, II

| | |
|---|---|
| **Daniel Jay Savage, II** | Signature of Debtor 2 |
| Signature of Debtor 1 | |
| | |
| Executed on   2/16/2018 | Executed on |
| MM / DD / YYYY | MM / DD / YYYY |

Debtor 1   **Daniel Jay Savage, II**

Case number *(if known)*

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

| /S/Lindsay Murphy Parker | Date | 2/16/2018 |
|---|---|---|
| Signature of Attorney for Debtor | | MM / DD / YYYY |

**Lindsay Murphy Parker 50894**
Printed name

**Gillespie & Murphy PA**
Firm name

**P.O. Drawer 888**
**New Bern, NC 28563**
Number, Street, City, State & ZIP Code

Contact phone   **(252) 636-2225**     Email address   **gmpa@lawyersforchrist.com**

**50894 NC**
Bar number & State

---

Debtor 1   **Daniel Jay Savage, II**

Case number *(if known)*

---

**Fill in this information to identify your case:**

| Debtor 1 | **Daniel Jay Savage, II** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse if, filing) | | | |
| | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF NORTH CAROLINA | | |
| Case number (if known) | | | |

☐ Check if this is an amended filing

# FORM 101. VOLUNTARY PETITION

## Prior Bankruptcy Cases Filed Attachment

| District | Case Number | Date Filed |
|---|---|---|
| **ncebke** | **16-03323** | **6/24/16** |
| **ncebke** | **14-00213** | **1/10/14** |
| **ncebke** | **12-02698** | **4/05/12** |
| **ncebke** | **11-01773** | **3/09/11** |

---

# Notice Required by 11 U.S.C. § 342(b) for
# Individuals Filing for Bankruptcy (Form 2010)

**This notice is for you if:**

> **You are an individual filing for bankruptcy,** and

> **Your debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

> Chapter 7 - Liquidation

> Chapter 11 - Reorganization

> Chapter 12 - Voluntary repayment plan for family farmers or fishermen

> Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | Liquidation |
|---|---|
| $245 | filing fee |
| $75 | administrative fee |
| + $15 | trustee surcharge |
| $335 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their nonexempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

> most taxes;

> most student loans;

> domestic support and property settlement obligations;

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

## Chapter 11: Reorganization

|   | | |
|---|--------|---------------------|
|   | $1,167 | filing fee |
| + | $550 | administrative fee |
|   | $1,717 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

**Read These Important Warnings**

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Chapter 12: Repayment plan for family farmers or fishermen

| | | |
|---|---|---|
| | $200 | filing fee |
| + | $75 | administrative fee |
| | $275 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

### Chapter 13: Repayment plan for individuals with regular income

| | | |
|---|---|---|
| | $235 | filing fee |
| + | $75 | administrative fee |
| | $310 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

domestic support obligations,

most student loans,

certain taxes,

debts for fraud or theft,

debts for fraud or defalcation while acting in a fiduciary capacity,

most criminal fines and restitution obligations,

certain debts that are not listed in your bankruptcy papers,

certain debts for acts that caused death or personal injury, and

certain long-term secured debts.

### Warning: File Your Forms on Time

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**Bankruptcy crimes have serious consequences**

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

**Make sure the court has your mailing address**

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case.* If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

**Understand which services you could receive from credit counseling agencies**

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days *before* you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://justice.gov/ust/eo/hapcpa/ccde/cc_approved.html .

In Alabama and North Carolina, go to: http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/ApprovedCredit AndDebtCounselors.aspx.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

**Fill in this information to identify your case:**

Debtor 1: **Daniel Jay Savage, II**

Debtor 2: _____
(Spouse, if filing)

United States Bankruptcy Court for the:   Eastern District of North Carolina

Case number _____
(if known)

**Check as directed in lines 17 and 21:**

According to the calculations required by this Statement:

☑ 1. Disposable income is not determined under 11 U.S.C. § 1325(b)(3).

☐ 2. Disposable income is determined under 11 U.S.C. § 1325(b)(3).
_____

☑ 3. The commitment period is 3 years.

☐ 4. The commitment period is 5 years.

☐ Check if this is an amended filing

## Official Form 122C-1
## Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

| Part 1: | Calculate Your Average Monthly Income |
|---|---|

1. **What is your marital and filing status?** Check one only.
   - ☑ **Not married.** Fill out Column A, lines 2-11.
   - ☐ **Married.** Fill out both Columns A and B, lines 2-11.

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | Column A Debtor 1 | Column B Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ 0.00 | $ |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ 0.00 | $ |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Do not include payments from a spouse. Do not include payments you listed on line 3. | $ 0.00 | $ |

5. **Net income from operating a business, profession, or farm**

| | Debtor 1 | |
|---|---|---|
| Gross receipts (before all deductions) | $ 2,122.50 | |
| Ordinary and necessary operating expenses | -$ 0.00 | |
| Net monthly income from a business, profession, or farm | $ 2,122.50 | Copy here -> $ 2,122.50 |  $ |

6. **Net income from rental and other real property**

| | Debtor 1 | |
|---|---|---|
| Gross receipts (before all deductions) | $ 0.00 | |
| Ordinary and necessary operating expenses | -$ 0.00 | |
| Net monthly income from rental or other real property | $ 0.00 | Copy here -> $ 0.00 |  $ |

Debtor 1    **Daniel Jay Savage, II**                                          Case number (*if known*) _____

|  | | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 7. | **Interest, dividends, and royalties** | $ 0.00 | $ _____ |
| 8. | **Unemployment compensation** | $ 0.00 | $ _____ |

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

For you                                                    $ _____ 0.00

For your spouse                                            $ _____

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act.                    $ _____ 0.00    $ _____

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism. If necessary, list other sources on a separate page and put the total below.

_____    $ _____ 0.00    $ _____

_____    $ _____ 0.00    $ _____

Total amounts from separate pages, if any.    + $ _____ 0.00    $ _____

11. **Calculate your total average monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.    $ **2,122.50** + $ _____ = $ **2,122.50**

Total average monthly income

| **Part 2:** | **Determine How to Measure Your Deductions from Income** |

12. **Copy your total average monthly income from line 11.**    $ **2,122.50**

13. **Calculate the marital adjustment.** Check one:

☑ You are not married. Fill in 0 below.

☐ You are married and your spouse is filing with you. Fill in 0 below.

☐ You are married and your spouse is not filing with you.

Fill in the amount of the income listed in line 11, Column B, that was NOT regularly paid for the household expenses of you or your dependents, such as payment of the spouse's tax liability or the spouse's support of someone other than you or your dependents.

Below, specify the basis for excluding this income and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page.

If this adjustment does not apply, enter 0 below.

_____    $ _____

_____    $ _____

_____    + $ _____

Total    $ _____ **0.00**    Copy here=>    - **0.00**

14. **Your current monthly income.** Subtract line 13 from line 12.    $ **2,122.50**

15. **Calculate your current monthly income for the year.** Follow these steps:

15a. Copy line 14 here=> .......................................    $ **2,122.50**

Multiply line 15a by 12 (the number of months in a year).    x 12

15b. The result is your current monthly income for the year for this part of the form. ..........................................    $ **25,470.00**

Debtor 1   **Daniel Jay Savage, II**                                   Case number (*if known*) _____

---

16. **Calculate the median family income that applies to you.** Follow these steps:

16a. Fill in the state in which you live.                      **NC**

16b. Fill in the number of people in your household.          **2**

16c. Fill in the median family income for your state and size of household.                      $ **56,742.00**

To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

17. **How do the lines compare?**

17a. ☑ Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under 11 U.S.C. § 1325(b)(3)*. **Go to Part 3.** Do NOT fill out *Calculation of Your Disposable Income* (Official Form 122C-2).

17b. ☐ Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C. § 1325(b)(3)*. **Go to Part 3 and fill out Calculation of Your Disposable Income (Official Form 122C-2).** On line 39 of that form, copy your current monthly income from line 14 above.

---

| Part 3: | Calculate Your Commitment Period Under 11 U.S.C. § 1325(b)(4) |
|---|---|

18. **Copy your total average monthly income from line 11 .**                      $ **2,122.50**

19. **Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you contend that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's income, copy the amount from line 13.

19a. If the marital adjustment does not apply, fill in 0 on line 19a.          -$ **0.00**

19b. **Subtract line 19a from line 18.**                      $ **2,122.50**

20. **Calculate your current monthly income for the year.** Follow these steps:

20a. Copy line 19b                                             $ **2,122.50**

Multiply by 12 (the number of months in a year).          **x 12**

20b. The result is your current monthly income for the year for this part of the form.          $ **25,470.00**

20c. Copy the median family income for your state and size of household from line 16c          $ **56,742.00**

21. **How do the lines compare?**

☑ Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3, *The commitment period is 3 years*. Go to Part 4.

☐ Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 4, *The commitment period is 5 years*. Go to Part 4.

---

Debtor 1   **Daniel Jay Savage, II**                                              Case number (*if known*)

---

| Part 4: | Sign Below |
|---|---|

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

**X** /S/Daniel Jay Savage, II
　　 **Daniel Jay Savage, II**
　　 Signature of Debtor 1

Date  2/16/2018
　　　 MM / DD  / YYYY

If you checked 17a, do NOT fill out or file Form 122C-2.

If you checked 17b, fill out Form 122C-2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

| Debtor 1 | **Daniel Jay Savage, II** | | Case number (*if known*) | |

# Current Monthly Income Details for the Debtor

**Debtor Income Details:**
Income for the Period **08/01/2017** to **01/31/2018**.

**Line 5 - Income from operation of a business, profession, or farm**
Source of Income: **Budget Plumbing**
Income/Expense/Net by Month:

| | Date | Income | Expense | Net |
|---|---|---|---|---|
| 6 Months Ago: | **08/2017** | **$2,709.00** | **$0.00** | **$2,709.00** |
| 5 Months Ago: | **09/2017** | **$1,923.00** | **$0.00** | **$1,923.00** |
| 4 Months Ago: | **10/2017** | **$1,914.00** | **$0.00** | **$1,914.00** |
| 3 Months Ago: | **11/2017** | **$1,862.00** | **$0.00** | **$1,862.00** |
| 2 Months Ago: | **12/2017** | **$2,327.00** | **$0.00** | **$2,327.00** |
| Last Month: | **01/2018** | **$2,000.00** | **$0.00** | **$2,000.00** |
| | Average per month: | **$2,122.50** | **$0.00** | |
| | | | Average Monthly NET Income: | **$2,122.50** |

Official Form 122C-1    **Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period**    **page 5**

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                                 Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Daniel Jay Savage, II** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF NORTH CAROLINA |
| Case number (if known) | _____ |

☐ Check if this is an amended filing

## Official Form 107
## Statement of Financial Affairs for Individuals Filing for Bankruptcy                  4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information.  If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Give Details About Your Marital Status and Where You Lived Before**

1.   **What is your current marital status?**

☐ Married
☑ Not married

2.   **During the last 3 years, have you lived anywhere other than where you live now?**

☑ No
☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|
| | | | |

3.   **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

☑ No
☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

**Part 2    Explain the Sources of Your Income**

4.   **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

☐ No
☑ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | ☐ Wages, commissions, bonuses, tips | **$2,000.00** | ☐ Wages, commissions, bonuses, tips | |
| | ☑ Operating a business | | ☐ Operating a business | |
| **For last calendar year:** **(January 1 to December 31, 2017 )** | ☐ Wages, commissions, bonuses, tips | **$20,131.00** | ☐ Wages, commissions, bonuses, tips | |
| | ☑ Operating a business | | ☐ Operating a business | |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

Debtor 1    **Daniel Jay Savage, II**                                    Case number *(if known)*

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) |
| **For the calendar year before that:**<br>**(January 1 to December 31, 2016 )** | ☐ Wages, commissions, bonuses, tips | $11,200.00 | ☐ Wages, commissions, bonuses, tips | |
| | ☑ Operating a business | | ☐ Operating a business | |

5. **Did you receive any other income during this year or the two previous calendar years?**
   Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

   List each source and the gross income from each source separately. Do not include income that you listed in line 4.

   ☐ No
   ☑ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Describe below. | **Gross income from each source**<br>(before deductions and exclusions) | **Sources of income**<br>Describe below. | **Gross income**<br>(before deductions and exclusions) |
| **For the calendar year before that:**<br>**(January 1 to December 31, 2016 )** | **Male Friend Contribution** | $3,000.00 | | |
| | **Female Friend Contributions** | $2,500.00 | | |

**Part 3:    List Certain Payments You Made Before You Filed for Bankruptcy**

6. **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

   ☐ No. **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

   During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,425* or more?

   ☐ No.    Go to line 7.
   ☐ Yes    List below each creditor to whom you paid a total of $6,425* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.
   * Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.

   ☑ Yes. **Debtor 1 or Debtor 2 or both have primarily consumer debts.**
   During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

   ☑ No.    Go to line 7.
   ☐ Yes    List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|
| | | | | |

Debtor 1    **Daniel Jay Savage, II**                                        Case number *(if known)*

7.  **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
    *Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

    [✓] No
    [ ] Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|
|  |  |  |  |  |

8.  **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
    Include payments on debts guaranteed or cosigned by an insider.

    [✓] No
    [ ] Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 4:**    Identify Legal Actions, Repossessions, and Foreclosures

9.  **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
    List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

    [ ] No
    [✓] Yes. Fill in the details.

| Case title Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| CitiMortgage V. Daniel J. Savage II 10SP223 | Foreclosure Sale | Carteret County Superior Court | [ ] Pending<br>[ ] On appeal<br>[✓] Concluded |
|  |  |  | **Sale Date February 8, 2018** |

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
    Check all that apply and fill in the details below.

    [ ] No. Go to line 11.
    [✓] Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property<br><br>Explain what happened | Date | Value of the property |
|---|---|---|---|
| **Citimortgage**<br>**Attention:  Managing Agent**<br>**PO Box 6243**<br>**Sioux Falls, SD 57117** | **188 Woodland Drive Newport, NC 28570**<br>**Carteret County**<br>**(Residence)**<br>**FMV : $62,250.00  (CMA - 6.23.16)**<br>**Purchased: 1993**<br>**Price: $50,212.00**<br>**TV: $112,896.00**<br>**Ownership:D1**<br>**Monthly Contractual Payment (P/I/E):**<br>**$527.00**<br>**Due:1st** | **February 8,**<br>**2018** | **$62,250.00** |
|  | [ ] Property was repossessed.<br>[✓] Property was foreclosed.<br>[ ] Property was garnished.<br>[ ] Property was attached, seized or levied. |  |  |

Debtor 1    **Daniel Jay Savage, II**                                          Case number *(if known)*

---

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

☑ No
☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|

12. **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

☑ No
☐ Yes

---

**Part 5:    List Certain Gifts and Contributions**

13. **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

☑ No
☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person <br><br> Person to Whom You Gave the Gift and Address: | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|

14. **Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

☑ No
☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600 <br> Charity's Name <br> **Address** (Number, Street, City, State and ZIP Code) | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|

---

**Part 6:    List Certain Losses**

15. **Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

☑ No
☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss <br><br> Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property*. | Date of your loss | Value of property lost |
|---|---|---|---|

---

**Part 7:    List Certain Payments or Transfers**

16. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No
☑ Yes. Fill in the details.

| Person Who Was Paid <br> Address <br> Email or website address <br> Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| **Gillespie & Murphy, PA** <br> **Attention:  Managing Agent** <br> **PO Drawer 888** <br> **New Bern, NC 28563** <br> **gmpa@lawyersforchrist.com** | **$2157.00 - Attorney Fees** <br> **$  33.00 - Credit Report** <br> **$310.00 - Filing Fee** <br> **$4133.00 - Fees from Previous Case** | **2.15.18** | **$6,633.00** |

| Debtor 1 | Daniel Jay Savage, II | Case number *(if known)* |
|----------|----------------------|--------------------------|

17. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

☑ No
☐ Yes. Fill in the details.

| Person Who Was Paid Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

☑ No
☐ Yes. Fill in the details.

| Person Who Received Transfer Address | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| Person's relationship to you | | | |

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices*.)

☑ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

**Part 8:**   List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

☐ No
☑ Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| **First South** | **XXXX-** | ☑ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | **2017** | **$0.00** |

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

☑ **No**
☐ Yes. Fill in the details.

| Name of Financial Institution<br>Address (Number, Street, City, State and ZIP Code) | Who else had access to it?<br>Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

22. **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

☑ **No**
☐ Yes. Fill in the details.

| Name of Storage Facility<br>Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it?<br>Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                        Best Case Bankruptcy

Debtor 1    **Daniel Jay Savage, II**                                        Case number *(if known)*

---

**Part 9:    Identify Property You Hold or Control for Someone Else**

23.  Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.

☑ **No**
☐ Yes. Fill in the details.

| Owner's Name<br>**Address** (Number, Street, City, State and ZIP Code) | Where is the property?<br>(Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|

---

**Part 10:    Give Details About Environmental Information**

For the purpose of Part 10, the following definitions apply:

☑ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

☑ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

☑ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24.  Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?

☑ **No**
☐ Yes. Fill in the details.

| Name of site<br>**Address** (Number, Street, City, State and ZIP Code) | Governmental unit<br>**Address** (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

25.  Have you notified any governmental unit of any release of hazardous material?

☑ **No**
☐ Yes. Fill in the details.

| Name of site<br>**Address** (Number, Street, City, State and ZIP Code) | Governmental unit<br>**Address** (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

26.  Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.

☑ **No**
☐ Yes. Fill in the details.

| Case Title<br>Case Number | Court or agency Name<br>**Address** (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|

---

**Part 11:    Give Details About Your Business or Connections to Any Business**

27.  Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?

☑ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)

☐ A partner in a partnership

☐ An officer, director, or managing executive of a corporation

☐ An owner of at least 5% of the voting or equity securities of a corporation

☐ No. None of the above applies.  Go to Part 12.

☑ Yes. Check all that apply above and fill in the details below for each business.

| Business Name<br>Address<br>(Number, Street, City, and ZIP Code) | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer Identification number<br>Do not include Social Security number or ITIN<br><br>Dates business existed |
|---|---|---|

---

Official Form 107                     Statement of Financial Affairs for Individuals Filing for Bankruptcy                     page **6**

Debtor 1   **Daniel Jay Savage, II**                                   Case number (*if known*)

| Business Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|
| **Budget Plumbing<br>Attention: Managing Agent<br>188 Woodland Drive<br>Newport, NC 28570** | **Plumbing** | EIN:<br><br>From-To   **1983 - Current** |

28.  **Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

☑  **No**
☐  **Yes. Fill in the details below.**

| Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Date Issued |
|---|---|
| | |

Debtor 1    **Daniel Jay Savage, II**                                    Case number *(if known)*

---

| **Part 12:** | Sign Below |
| --- | --- |

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers
are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection
with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
**18 U.S.C. §§ 152, 1341, 1519, and 3571.**

/S/Daniel Jay Savage, II

**Daniel Jay Savage, II**                                        **Signature of Debtor 2**
**Signature of Debtor 1**

Date    2.16.18                                            Date

**Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?**
☑ No
☐ Yes

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**
☑ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

**Fill in this information to identify your case and this filing:**

| | |
|---|---|
| Debtor 1 | **Daniel Jay Savage, II** |
| | First Name        Middle Name        Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name        Middle Name        Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF NORTH CAROLINA |
| Case number | |

☐ Check if this is an
   amended filing

## Official Form 106A/B
# Schedule A/B: Property                                    12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**  Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1.  **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.

■ Yes.  Where is the property?

---

**1.1**

**188 Woodland Drive**
Street address, if available, or other description

**Newport          NC     28570-0000**
City                State      ZIP Code

**Carteret**
County

**What is the property?** Check all that apply

■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

**(Residence)**
**FMV : $62,250.00   (CMA - 6.23.16)**
**Purchased: 1993**
**Price: $50,212.00**
**TV: $112,896.00**
**Ownership:D1**
**Monthly Contractual Payment (P/I/E): $527.00**
**Due:1st**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$62,250.00** | **$62,250.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Fee simple**

☐ **Check if this is community property**
   (see instructions)

---

2.  **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here**..............................................................=>

**$62,250.00**

**Part 2:**  Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

| Debtor 1 | **Daniel Jay Savage, II** | Case number *(if known)* |
|---|---|---|

**3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
☑ Yes

---

**3.1**

| Make: | **GMC** |
|---|---|
| Model: | **Van** |
| Year: | **2001** |
| Approximate mileage: | **180,000** |
| Other information: | |

VIN:1GTGG25R211151219
FMV: $3550.00
Purchased:2014
Price: $800.00
Ownership: D1

**Who has an interest in the property?** Check one

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $3,550.00 | $3,550.00 |

---

**3.2**

| Make: | **Nissan** |
|---|---|
| Model: | **Pathfinder** |
| Year: | **1995** |
| Approximate mileage: | **220,000** |
| Other information: | |

FMV: $0.00
Purchased:2006
Price: $2000.00
Ownership: D1
Note; Vehicle runs but not drivable, front end needs to be replaced

**Who has an interest in the property?** Check one

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $0.00 | $0.00 |

---

**3.3**

| Make: | **Mazda** |
|---|---|
| Model: | **RX-7** |
| Year: | **1983** |
| Approximate mileage: | |
| Other information: | |

FMV: $0.00
Ownership: D1
Note: Not running zero value

**Who has an interest in the property?** Check one

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $0.00 | $0.00 |

---

**3.4**

| Make: | **Chevy** |
|---|---|
| Model: | **Silverado** |
| Year: | **1989** |
| Approximate mileage: | |
| Other information: | |

FMV: $0.00
Ownership: D1
Note: No transmission - zero value

**Who has an interest in the property?** Check one

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $0.00 | $0.00 |

---

**3.5**

| Make: | **BMW** |
|---|---|
| Model: | |
| Year: | **2003** |
| Approximate mileage: | |
| Other information: | |

FMV: $0.00
Ownership: D1
Note: Not running - motor blown - zero value

**Who has an interest in the property?** Check one

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $0.00 | $0.00 |

---

Debtor 1    **Daniel Jay Savage, II**                                    Case number *(if known)*

| 3.6 | Make: | **Mazda** |
|---|---|---|

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property**
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Make: | **Mazda** | **Current value of the entire property?** | **Current value of the portion you own?** |
|---|---|---|---|
| Model: | **RX-7** | | |
| Year: | **1980** | | |
| Approximate mileage: | | | |
| Other information: | | $0.00 | $0.00 |

**FMV: $0.00**
**Ownership: D1**
**Note: Not running, no title, parts car -  zero value**

4.  **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No
☐ Yes

5   Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here..........................................................=>

| | |
|---|---|
| | **$3,550.00** |

| **Part 3:** | **Describe Your Personal and  Household Items** |
|---|---|

Do you own or have any legal or equitable interest in any of the following items?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

6.  **Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
■ Yes.  Describe.....

| | |
|---|---|
| Small kitchen appliances | $100.00 |
| Stove | $200.00 |
| Refrigerator | $100.00 |
| Microwave | $40.00 |
| Washing Machine | $75.00 |
| Dryer | $75.00 |
| China and Dishes | $100.00 |
| Silverware | $5.00 |
| Living room furniture | $200.00 |
| Den furniture | $100.00 |

Debtor 1   **Daniel Jay Savage, II**                                                    Case number *(if known)*

| | |
|---|---|
| Bedroom furniture | $200.00 |
| Air Conditiioner (window unit) | $80.00 |
| Lawn Mower | $200.00 |
| Yard Maintenance Tools | $50.00 |
| Hand tools and tools of trade | $2,000.00 |

7. **Electronics**
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
   ☐ No
   ■ Yes.  Describe.....

| | |
|---|---|
| Televisions (2) | $200.00 |
| Stereo / Radio | $75.00 |
| VCR/DVD | $50.00 |
| Computer, Printer, Hardware & Software | $200.00 |
| Cell Phones | $100.00 |

8. **Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
   ☐ No
   ■ Yes.  Describe.....

| | |
|---|---|
| CD's, records, tapes | $40.00 |
| Books and encyclopedias | $40.00 |

9. **Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
   ■ No
   ☐ Yes.  Describe.....

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ■ No
    ☐ Yes.  Describe.....

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ☐ No
    ■ Yes.  Describe.....

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Debtor 1    **Daniel Jay Savage, II**                                                        Case number *(if known)*

| | |
|---|---|
| **Clothes** | **$200.00** |

**12. Jewelry**
  *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
  ☐ No
  ☒ Yes. Describe.....

| | |
|---|---|
| **Jewelry** | **$100.00** |

**13. Non-farm animals**
  *Examples:* Dogs, cats, birds, horses
  ☒ No
  ☐ Yes. Describe.....

**14. Any other personal and household items you did not already list, including any health aids you did not list**
  ☐ No
  ☒ Yes. Give specific information.....

| | |
|---|---|
| **Any and all miscellaneous household goods and personal items listed herein.** | **$2,470.00** |

**15.   Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ...........................................................................**

| |
|---|
| **$7,000.00** |

| Part 4: | Describe Your Financial Assets |
|---|---|

| Do you own or have any legal or equitable interest in any of the following? | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |
|---|---|

**16. Cash**
  *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
  ☐ No
  ☒ Yes.........................................................................................................

| | |
|---|---|
| **Cash** | **$65.00** |

**17. Deposits of money**
  *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
  ☒ No
  ☐ Yes........................                    Institution name:

**18. Bonds, mutual funds, or publicly traded stocks**
  *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
  ☒ No
  ☐ Yes.................                    Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
  ☒ No
  ☐ Yes. Give specific information about them...................
                    Name of entity:                                        % of ownership:

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
  *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
  *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
  ☒ No

Debtor 1    **Daniel Jay Savage, II**                                          Case number *(if known)*

☐ Yes. Give specific information about them.
Issuer name:

**21. Retirement or pension accounts**
*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
■ No
☐ Yes. List each account separately.
Type of account:                    Institution name:

**22. Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
■ No
☐ Yes. ..................                    Institution name or individual:

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
■ No
☐ Yes.............        Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
■ No
☐ Yes.............        Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
■ No
☐ Yes.  Give specific information about them...

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
■ No
☐ Yes.  Give specific information about them...

**27. Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
■ No
☐ Yes.  Give specific information about them...

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**28. Tax refunds owed to you**
☐ No
■ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

| The debtor(s) reserve the right to amend these schedules to include and exempt as permitted by law, any pre-petition claims or assets the debtor(s) may have, the existence of which are discovered post-petition. | **$4,950.00** |
|---|---|

**29. Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
■ No
☐ Yes. Give specific information......

| Debtor 1 | **Daniel Jay Savage, II** | Case number *(if known)* |
|---|---|---|

30. **Other amounts someone owes you**
    *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security benefits; unpaid loans you made to someone else

    ■ No
    ☐ Yes.  Give specific information..

31. **Interests in insurance policies**
    *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

    ■ No
    ☐ Yes. Name the insurance company of each policy and list its value.

    | Company name: | Beneficiary: | Surrender or refund value: |
    |---|---|---|

32. **Any interest in property that is due you from someone who has died**
    If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

    ■ No
    ☐ Yes.  Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
    *Examples:* Accidents, employment disputes, insurance claims, or rights to sue

    ■ No
    ☐ Yes.  Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

    ☐ No
    ■ Yes.  Describe each claim.........

    > **The debtor(s) reserve the right to amend these schedules to include and exempt as permitted by law, any pre-petition claims or assets the debtor(s) may have, the existence of which are discovered post-petition.**

    **Unknown**

35. **Any financial assets you did not already list**

    ■ No
    ☐ Yes.  Give specific information..

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here**....................................................................................................................

    **$5,015.00**

| Part 5: | Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1. |
|---|---|

37. **Do you own or have any legal or equitable interest in any business-related property?**
    ■ No. Go to Part 6.
    ☐ Yes.  Go to line 38.

| Part 6: | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
|---|---|

If you own or have an interest in farmland, list it in Part 1.

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
    ■ No. Go to Part 7.
    ☐ Yes.  Go to line 47.

| Part 7: | Describe All Property You Own or Have an Interest in That You Did Not List Above |
|---|---|

53. **Do you have other property of any kind you did not already list?**
    *Examples:* Season tickets, country club membership

    ■ No
    ☐ Yes. Give specific information.........

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

Debtor 1    **Daniel Jay Savage, II**                                      Case number *(if known)*

54.   **Add the dollar value of all of your entries from Part 7. Write that number here**  ....................................    | $0.00 |

| **Part 8:** | List the Totals of Each Part of this Form |

55.   **Part 1: Total real estate, line 2**  ........................................................................................................    $62,250.00

56.   **Part 2: Total vehicles, line 5**                                   $3,550.00

57.   **Part 3: Total personal and household items, line 15**             $7,000.00

58.   **Part 4: Total financial assets, line 36**                          $5,015.00

59.   **Part 5: Total business-related property, line 45**                   $0.00

60.   **Part 6: Total farm- and fishing-related property, line 52**          $0.00

61.   **Part 7: Total other property not listed, line 54**           +       $0.00

62.   **Total personal property.** Add lines 56 through 61...          $15,565.00      Copy personal property total         $15,565.00

63.   **Total of all property on Schedule A/B.** Add line 55 + line 62                                              $77,815.00

Official Form 106A/B                                       Schedule A/B: Property                                             page 8

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Daniel Jay Savage, II** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF NORTH CAROLINA |
| Case number | |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106C
# Schedule C: The Property You Claim as Exempt                4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

**Part 1:    Identify the Property You Claim as Exempt**

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ■ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own Copy the value from *Schedule A/B* | Amount of the exemption you claim *Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **188 Woodland Drive Newport, NC 28570  Carteret County (Residence)** **FMV : $62,250.00   (CMA -  6.23.16)** **Purchased: 1993** **Price: $50,212.00** **TV: $112,896.00** **Ownership:D1** **Monthly Contractual Payment (P/I/E): $527.00** **Due:1st** Line from *Schedule A/B*: **1.1** | $62,250.00 | ■ $30,000.00 ☐ 100% of fair market value, up to any applicable statutory limit | **N.C. Gen. Stat. § 1C-1601(a)(1)** |
| **2001 GMC Van 180,000 miles** **VIN:1GTGG25R211151219** **FMV: $3550.00** **Purchased:2014** **Price: $800.00** **Ownership: D1** Line from *Schedule A/B*: **3.1** | $3,550.00 | ■ $3,500.00 ☐ 100% of fair market value, up to any applicable statutory limit | **N.C. Gen. Stat. § 1C-1601(a)(3)** |

Debtor 1    **Daniel Jay Savage, II**

Case number (if known)

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **2001 GMC Van 180,000 miles VIN:1GTGG25R211151219 FMV: $3550.00 Purchased:2014 Price: $800.00 Ownership: D1** Line from *Schedule A/B*: **3.1** | $3,550.00 | ☑ $50.00<br>☐ 100% of fair market value, up to any applicable statutory limit | N.C. Gen. Stat. § 1C-1601(a)(2) |
| **Small kitchen appliances** Line from *Schedule A/B*: **6.1** | $100.00 | ☑ $100.00<br>☐ 100% of fair market value, up to any applicable statutory limit | N.C. Gen. Stat. § 1C-1601(a)(4) |
| **Stove** Line from *Schedule A/B*: **6.2** | $200.00 | ☑ $200.00<br>☐ 100% of fair market value, up to any applicable statutory limit | N.C. Gen. Stat. § 1C-1601(a)(4) |
| **Refrigerator** Line from *Schedule A/B*: **6.3** | $100.00 | ☑ $100.00<br>☐ 100% of fair market value, up to any applicable statutory limit | N.C. Gen. Stat. § 1C-1601(a)(4) |
| **Microwave** Line from *Schedule A/B*: **6.4** | $40.00 | ☑ $40.00<br>☐ 100% of fair market value, up to any applicable statutory limit | N.C. Gen. Stat. § 1C-1601(a)(4) |
| **Washing Machine** Line from *Schedule A/B*: **6.5** | $75.00 | ☑ $75.00<br>☐ 100% of fair market value, up to any applicable statutory limit | N.C. Gen. Stat. § 1C-1601(a)(4) |
| **Dryer** Line from *Schedule A/B*: **6.6** | $75.00 | ☑ $75.00<br>☐ 100% of fair market value, up to any applicable statutory limit | N.C. Gen. Stat. § 1C-1601(a)(4) |
| **China and Dishes** Line from *Schedule A/B*: **6.7** | $100.00 | ☑ $100.00<br>☐ 100% of fair market value, up to any applicable statutory limit | N.C. Gen. Stat. § 1C-1601(a)(4) |
| **Silverware** Line from *Schedule A/B*: **6.8** | $5.00 | ☑ $5.00<br>☐ 100% of fair market value, up to any applicable statutory limit | N.C. Gen. Stat. § 1C-1601(a)(4) |
| **Living room furniture** Line from *Schedule A/B*: **6.9** | $200.00 | ☑ $200.00<br>☐ 100% of fair market value, up to any applicable statutory limit | N.C. Gen. Stat. § 1C-1601(a)(4) |
| **Den furniture** Line from *Schedule A/B*: **6.10** | $100.00 | ☑ $100.00<br>☐ 100% of fair market value, up to any applicable statutory limit | N.C. Gen. Stat. § 1C-1601(a)(4) |

Debtor 1   **Daniel Jay Savage, II**

Case number (if known)

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Bedroom furniture**<br>Line from *Schedule A/B*: **6.11** | $200.00 | ■ $200.00<br>☐ 100% of fair market value, up to any applicable statutory limit | N.C. Gen. Stat. § 1C-1601(a)(4) |
| **Air Conditiioner (window unit)**<br>Line from *Schedule A/B*: **6.12** | $80.00 | ■ $80.00<br>☐ 100% of fair market value, up to any applicable statutory limit | N.C. Gen. Stat. § 1C-1601(a)(4) |
| **Lawn Mower**<br>Line from *Schedule A/B*: **6.13** | $200.00 | ■ $200.00<br>☐ 100% of fair market value, up to any applicable statutory limit | N.C. Gen. Stat. § 1C-1601(a)(4) |
| **Yard Maintenance Tools**<br>Line from *Schedule A/B*: **6.14** | $50.00 | ■ $50.00<br>☐ 100% of fair market value, up to any applicable statutory limit | N.C. Gen. Stat. § 1C-1601(a)(4) |
| **Hand tools and tools of trade**<br>Line from *Schedule A/B*: **6.15** | $2,000.00 | ■ $2,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | N.C. Gen. Stat. § 1C-1601(a)(5) |
| **Televisions (2)**<br>Line from *Schedule A/B*: **7.1** | $200.00 | ■ $200.00<br>☐ 100% of fair market value, up to any applicable statutory limit | N.C. Gen. Stat. § 1C-1601(a)(4) |
| **Stereo / Radio**<br>Line from *Schedule A/B*: **7.2** | $75.00 | ■ $75.00<br>☐ 100% of fair market value, up to any applicable statutory limit | N.C. Gen. Stat. § 1C-1601(a)(4) |
| **VCR/DVD**<br>Line from *Schedule A/B*: **7.3** | $50.00 | ■ $50.00<br>☐ 100% of fair market value, up to any applicable statutory limit | N.C. Gen. Stat. § 1C-1601(a)(4) |
| **Computer, Printer, Hardware & Software**<br>Line from *Schedule A/B*: **7.4** | $200.00 | ■ $200.00<br>☐ 100% of fair market value, up to any applicable statutory limit | N.C. Gen. Stat. § 1C-1601(a)(4) |
| **Cell Phones**<br>Line from *Schedule A/B*: **7.5** | $100.00 | ■ $100.00<br>☐ 100% of fair market value, up to any applicable statutory limit | N.C. Gen. Stat. § 1C-1601(a)(4) |
| **CD's, records, tapes**<br>Line from *Schedule A/B*: **8.1** | $40.00 | ■ $40.00<br>☐ 100% of fair market value, up to any applicable statutory limit | N.C. Gen. Stat. § 1C-1601(a)(4) |
| **Books and encyclopedias**<br>Line from *Schedule A/B*: **8.2** | $40.00 | ■ $40.00<br>☐ 100% of fair market value, up to any applicable statutory limit | N.C. Gen. Stat. § 1C-1601(a)(4) |

Debtor 1    **Daniel Jay Savage, II**

Case number (if known)

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Clothes**<br>Line from *Schedule A/B*: **11.1** | $200.00 | ■              $200.00<br>☐ 100% of fair market value, up to any applicable statutory limit | N.C. Gen. Stat. § 1C-1601(a)(4) |
| **Jewelry**<br>Line from *Schedule A/B*: **12.1** | $100.00 | ■              $100.00<br>☐ 100% of fair market value, up to any applicable statutory limit | N.C. Gen. Stat. § 1C-1601(a)(4) |
| **Any and all miscellaneous household goods and personal items listed herein.**<br>Line from *Schedule A/B*: **14.1** | $2,470.00 | ■           $2,470.00<br>☐ 100% of fair market value, up to any applicable statutory limit | N.C. Gen. Stat. § 1C-1601(a)(4) |
| **Cash**<br>Line from *Schedule A/B*: **16.1** | $65.00 | ■               $65.00<br>☐ 100% of fair market value, up to any applicable statutory limit | N.C. Gen. Stat. § 1-362 |
| **The debtor(s) reserve the right to amend these schedules to include and exempt as permitted by law, any pre-petition claims or assets the debtor(s) may have, the existence of which are discovered post-petition.**<br>Line from *Schedule A/B*: **28.1** | $4,950.00 | ■          $4,950.00<br>☐ 100% of fair market value, up to any applicable statutory limit | N.C. Gen. Stat. § 1C-1601(a)(2) |
| **The debtor(s) reserve the right to amend these schedules to include and exempt as permitted by law, any pre-petition claims or assets the debtor(s) may have, the existence of which are discovered post-petition.**<br>Line from *Schedule A/B*: **34.1** | Unknown | ☐<br>■ 100% of fair market value, up to any applicable statutory limit | N.C. Gen. Stat. § 1C-1601(a)(8) |
| **The debtor(s) reserve the right to amend these schedules to include and exempt as permitted by law, any pre-petition claims or assets the debtor(s) may have, the existence of which are discovered post-petition.**<br>Line from *Schedule A/B*: **34.1** | Unknown | ☐<br>■ 100% of fair market value, up to any applicable statutory limit | N.C. Gen. Stat. § 1C-1601(a)(2) |

3. **Are you claiming a homestead exemption of more than $160,375?**
(Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.)

■ No

☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

    ☐ No

    ☐ Yes

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

Rev. 3/2016

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN THE MATTER OF:                                                                    CASE NUMBER:
**Daniel Jay Savage, II**
    Debtor(s).

SCHEDULE C-1 - PROPERTY CLAIMED AS EXEMPT

I,   **Daniel Jay Savage, II**   , claim the following property as exempt pursuant to 11 U.S.C. § 522 and the laws of the State of North Carolina, and nonbankruptcy Federal law:  **(Attach additional sheets if necessary)**.

    1.  NCGS 1C-1601(a)(1) (NC Const., Article X, Section 2) REAL OR PERSONAL PROPERTY USED AS A RESIDENCE OR BURIAL PLOT (The exemption is not to exceed $35,000; however, an unmarried debtor who is 65 years of age or older is entitled to retain an aggregate interest in the property not to exceed $60,000 in value so long as the property was previously owned by the debtor as a tenant by the entireties or as a joint tenant with rights of survivorship and the former co-owner of the property is deceased, in which case the debtor must specify his/her age and the name of the former co-owner, if a child use initials only, of the property below).

| Description of Property and Address | Market Value | Owner (D1)Debtor 1 (D2)Debtor 2 (J)Joint | Mortgage Holder or Lien Holder | Amount of Mortgage or Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(1) |
|---|---|---|---|---|---|---|
| **188 Woodland Drive Newport, NC 28570  Carteret County (Residence) FMV : $62,250.00 (CMA -  6.23.16) Purchased: 1993 Price: $50,212.00 TV: $112,896.00 Ownership:D1 Monthly Contractual Payment (P/I/E): $527.00 Due:1st** | **62,250.00** | | **Citimortgage Robert Schultz North Carolina Department of Revenu US Dept. of HUD Robert Clayton Davenport Jr. On Site Storage - Mobile Mini Inc.** | **63,000.00 3,647.00 1,977.00 5,801.10 4,500.00 1,299.00** | **0.00** | **30,000.00** |

Debtor's Age:   _____
Name of former co-owner:   _____

         **VALUE OF REAL ESTATE CLAIMED AS EXEMPT PURSUANT TO NCGS 1C-1601(a)(1):  $   30,000.00**

    2.  NCGS 1C-1601(a)(3) MOTOR VEHICLE (The exemption in one vehicle is not to exceed $3,500).

| Model, Year Style of Auto | Market Value | Owner (D1)Debtor 1 (D2)Debtor 2 (J)Joint | Lien Holder | Amount of Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(3) |
|---|---|---|---|---|---|---|
| **2001 GMC Van 180,000 miles VIN:1GTGG25R211 151219 FMV: $3550.00 Purchased:2014 Price: $800.00 Ownership: D1** | **3,550.00** | | | | **3,550.00** | **3,500.00** |

         **VALUE OF MOTOR VEHICLE CLAIMED AS EXEMPT PURSUANT TO NCGS 1C-1601(a)(3):  $   3,500.00**

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com         Best Case Bankruptcy

3.  NCGS 1C-1601(a)(4) (NC Const., Article X, Section 1) PERSONAL OR HOUSEHOLD GOODS (The debtor's aggregate interest is not to exceed $5,000 plus $1,000 for each dependent of the debtor, not to exceed $4,000 total for dependents).  The number of dependents for exemption purposes is  __1__ .

| Description of Property | Market Value | Owner (D1)Debtor 1 (D2)Debtor 2 (J)Joint | Lien Holder | Amount of Lien | Net Value | Claimed as Exempt Pursuant to NCGS 1C-1601(a)(4) |
|---|---|---|---|---|---|---|
| **Air Conditiioner (window unit)** | **80.00** | | | | **80.00** | **80.00** |
| **Any and all miscellaneous household goods and personal items listed herein.** | **2,470.00** | | | | **2,470.00** | **2,470.00** |
| **Bedroom furniture** | **200.00** | | | | **200.00** | **200.00** |
| **Books and encyclopedias** | **40.00** | | | | **40.00** | **40.00** |
| **CD's, records, tapes** | **40.00** | | | | **40.00** | **40.00** |
| **Cell Phones** | **100.00** | | | | **100.00** | **100.00** |
| **China and Dishes** | **100.00** | | | | **100.00** | **100.00** |
| **Clothes** | **200.00** | | | | **200.00** | **200.00** |
| **Computer, Printer, Hardware & Software** | **200.00** | | | | **200.00** | **200.00** |
| **Den furniture** | **100.00** | | | | **100.00** | **100.00** |
| **Dryer** | **75.00** | | | | **75.00** | **75.00** |
| **Jewelry** | **100.00** | | | | **100.00** | **100.00** |
| **Lawn Mower** | **200.00** | | | | **200.00** | **200.00** |
| **Living room furniture** | **200.00** | | | | **200.00** | **200.00** |
| **Microwave** | **40.00** | | | | **40.00** | **40.00** |
| **Refrigerator** | **100.00** | | | | **100.00** | **100.00** |
| **Silverware** | **5.00** | | | | **5.00** | **5.00** |
| **Small kitchen appliances** | **100.00** | | | | **100.00** | **100.00** |
| **Stereo / Radio** | **75.00** | | | | **75.00** | **75.00** |
| **Stove** | **200.00** | | | | **200.00** | **200.00** |
| **Televisions (2)** | **200.00** | | | | **200.00** | **200.00** |
| **VCR/DVD** | **50.00** | | | | **50.00** | **50.00** |
| **Washing Machine** | **75.00** | | | | **75.00** | **75.00** |
| **Yard Maintenance Tools** | **50.00** | | | | **50.00** | **50.00** |

VALUE CLAIMED AS EXEMPT PURSUANT TO NCGS 1C-1601(a)(4):  $        5,000.00

4. NCGS 1C-1601(a)(5) TOOLS OF TRADE (The debtor's aggregate interest is not to exceed $2,000 in value).

| Description | Market Value | Owner (D1)Debtor 1 (D2)Debtor 2 (J)Joint | Lien Holder | Amount of Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(5) |
|---|---|---|---|---|---|---|
| **Hand tools and tools of trade** | **2,000.00** | | | | **2,000.00** | **2,000.00** |

VALUE CLAIMED AS EXEMPT  PURSUANT TO NCGS 1C-1601(a)(5):  $        2,000.00

5.  NCGS 1C-1601(a)(6) LIFE INSURANCE (NC Const., Article X, Section 5).

| Description\Insured\Last Four Digits of Policy Number\Beneficiary(if child, initials only) | | Cash Value |
|---|---|---|
| **-NONE-** | | |

6.  NCGS 1C-1601(a)(7) PROFESSIONALLY PRESCRIBED HEALTH AIDS (For Debtor or Debtor's Dependents, no limit on value).

| Description |
| --- |
| **-NONE-** |

7.  NCGS 1C-1601(a)(8)  COMPENSATION FOR PERSONAL INJURY, INCLUDING COMPENSATION FROM PRIVATE DISABILITY POLICIES OR ANNUITIES, OR COMPENSATION FOR DEATH OF A PERSON UPON WHOM THE DEBTOR WAS DEPENDENT FOR SUPPORT. COMPENSATION NOT EXEMPT FROM RELATED LEGAL, HEALTH OR FUNERAL EXPENSE.

| Description AND Source of Compensation, Including Name (If child, initials only) & Last Four Digits of Account Number of any Disability Policy/Annuity |
| --- |
| **The debtor(s) reserve the right to amend these schedules to include and exempt as permitted by law, any pre-petition claims or assets the debtor(s) may have, the existence of which are discovered post-petition.** |

8.  NCGS 1C-1601(a)(2) ANY PROPERTY (Debtor's aggregate interest in any property is not to exceed $5,000 in value of any unused exemption amount to which the debtor is entitled under NCGS 1C-1601(a)(1)).

| Description of Property and Address | Market Value | Owner (D1)Debtor 1 (D2)Debtor 2 (J)Joint | Lien Holder | Amount of Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(2) |
| --- | --- | --- | --- | --- | --- | --- |
| **Overage on 2001 GMC Van 180,000 miles VIN:1GTGG25R211 151219 FMV: $3550.00 Purchased:2014 Price: $800.00 Ownership: D1** | **50.00** | | | | **50.00** | **50.00** |
| **The debtor(s) reserve the right to amend these schedules to include and exempt as permitted by law, any pre-petition claims or assets the debtor(s) may have, the existence of which are discovered post-petition.** | **4,950.00** | | | | **4,950.00** | **4,950.00** |
| **The debtor(s) reserve the right to amend these schedules to include and exempt as permitted by law, any pre-petition claims or assets the debtor(s) may have, the existence of which are discovered post-petition.** | **Unknown** | | | | **Unknown** | **0.00** |

**VALUE CLAIMED AS EXEMPT  PURSUANT TO NCGS 1C-1601(a)(2): $**    **5,000.00**

9. NCGS 1C-1601(a)(9) and 11 U.S.C. § 522  INDIVIDUAL RETIREMENT PLANS & RETIREMENT FUNDS, as defined in the Internal Revenue Code, and any plan treated in the same manner as an individual retirement plan, including individual retirement accounts and Roth retirement accounts as described in §§ 408(a) and 408A of the Internal Revenue Code, individual retirement annuities as described in § 408(b) of the Internal Revenue Code, accounts established as part of a trust described in § 408(c) of the Internal Revenue Code, and funds in an account exempt from taxation under § 401, 403, 408, 408A, 414, 457, or 510(a) of the Internal Revenue Code. For purposes of this subdivision, "Internal Revenue Code" means Code as defined in G.S. 105-228.90.

| Type of Account\Location of Account\Last Four Digits of Account Number |
| --- |
| -NONE- |

10. NCGS 1C-1601(a)(10) FUNDS IN A COLLEGE SAVINGS PLAN, as qualified under § 529 of the Internal Revenue Code, and that are not otherwise excluded from the estate pursuant to 11 U.S.C. §§ 541(b)(5)-(6), (e), not to exceed a cumulative limit of $25,000. If funds were placed in a college savings plan within the 12 months prior to filing, the contributions must have been made in the ordinary course of the debtor's financial affairs and must have been consistent with the debtor's past pattern of contributions. The exemption applies to funds for a child of the debtor that will actually be used for the child's college or university expenses.

| College Savings Plan\Last Four Digits of Account Number\Value\Initials of Child Beneficiary |
| --- |
| -NONE- |

11. NCGS 1C-1601(a)(11) RETIREMENT BENEFITS UNDER THE RETIREMENT PLANS OF OTHER STATES AND GOVERNMENTAL UNITS OF OTHER STATES (The debtor's interest is exempt only to the extent that these benefits are exempt under the laws of the state or governmental unit under which the benefit plan is established).

| Name of Retirement Plan\State Governmental Unit\Last Four Digits of Identifying Number |
| --- |
| -NONE- |

12. NCGS 1C-1601(a)(12) ALIMONY, SUPPORT, SEPARATE MAINTENANCE, AND CHILD SUPPORT PAYMENTS OR FUNDS THAT HAVE BEEN RECEIVED OR TO WHICH THE DEBTOR IS ENTITLED  (The debtor's interest is exempt to the extent the payments or funds are reasonably necessary for the support of the debtor or any dependent of the debtor).

| Type of Support\Amount\Location of Funds |
| --- |
| -NONE- |

13. TENANCY BY THE ENTIRETY.  The following property is claimed as exempt pursuant to 11 U.S.C. § 522 and the law of the State of North Carolina pertaining to property held as tenants by the entirety.

| Description of Property and Address | Market Value | Lien Holder | Amount of Lien | Net Value |
| --- | --- | --- | --- | --- |
| -NONE- | | | | |

VALUE CLAIMED AS EXEMPT:  $          0.00

14. NORTH CAROLINA PENSION FUND EXEMPTIONS

| | -NONE- | |
| --- | --- | --- |

15. OTHER EXEMPTIONS CLAIMED UNDER LAWS OF THE STATE OF NORTH CAROLINA

| | | |
| --- | --- | --- |
| a. | **Debtor earnings necessary to support family (all earnings from last 60 days), N.C. Gen. Stat. § 1-362** | **65.00** |

16. FEDERAL PENSION FUND EXEMPTIONS

| | -NONE- | |
| --- | --- | --- |

17. OTHER EXEMPTIONS CLAIMED UNDER NONBANKRUPTCY FEDERAL LAW

| | -NONE- | |
| --- | --- | --- |

18.  RECENT PURCHASES

(a).  List tangible personal property purchased by the debtor within ninety (90) days of the filing of the bankruptcy petition.

| Description | Market Value | Lien Holder | Amount of Lien | Net Value |
|---|---|---|---|---|
| -NONE- | | | | |

(b).  List any tangible personal property from 18(a) that is directly traceable to the liquidation or conversion of property that may be exempt and that was not acquired by transferring or using additional property.

| Description of Replacement Property | Description of Property Liquidated or Converted that May Be Exempt |
|---|---|
| | |

19. The debtor's property is subject to the following claims:

a.        Of the United States or its agencies as provided by federal law.

b.        Of the State of North Carolina or its subdivisions for taxes, appearance bonds or fiduciary bonds;

c.        Of a lien by a laborer for work done and performed for the person claiming the exemption, but only as to the specific property affected.

d.        Of a lien by a mechanic for work done on the premises, but only as to the specific property affected.

e.        For payment of obligations contracted for the purchase of specific real property affected.

f.        For contractual security interests in specific property affected; provided, that the exemptions shall apply to the debtor's household goods notwithstanding any contract for a nonpossessory, nonpurchase money security interest in any such goods.

g.        For statutory liens, on the specific property affected, other than judicial liens.

h.        For child support, alimony or distributive award order pursuant to Chapter 50 of the General Statutes of North Carolina.

i.        For criminal restitution orders docketed as civil judgments pursuant to G.S. 15A-1340.38.

j.        Debts of a kind specified in 11 U.S.C. § 523(a)(1) (certain taxes), (5) (domestic support obligations).

k.        Debts of a kind specified in 11 U.S.C. § 522(c).

| Claimant | Nature of Claim | Amount of Claim | Description of Property | Value of Property | Net Value |
|---|---|---|---|---|---|
| -NONE- | | | | | |

None of the property listed in paragraph 18(a), except qualified replacement property under 18(b), has been included in this claim of exemptions.

None of the claims listed in paragraph 19 is subject to this claim of exemptions.

I declare that to the extent any exemptions I have claimed appear on its face to exceed the amount allowed by the applicable statute, I claim only the maximum amount allowed by statute.

UNSWORN DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF INDIVIDUAL
TO SCHEDULE C-1 - PROPERTY CLAIMED AS EXEMPT

I,   **Daniel Jay Savage, II**   , declare under penalty of perjury that I have read the foregoing Schedule C-1 - Property Claimed as Exempt, consisting of 6 sheets, and that they are true and correct to the best of my knowledge, information and belief.

Executed on:   2.16.18

/S/Daniel Jay Savage, II

**Daniel Jay Savage, II**

Debtor

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Daniel Jay Savage, II** |
| | First Name      Middle Name      Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name      Middle Name      Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF NORTH CAROLINA |
| Case number | |
| (if known) | |

☐ Check if this is an amended filing

Official Form 106D

## Schedule D: Creditors Who Have Claims Secured by Property          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

■ Yes. Fill in all of the information below.

**Part 1:    List All Secured Claims**

**2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A | Column B | Column C |
|---|---|---|---|---|
| | | Amount of claim | Value of collateral | Unsecured |
| | | Do not deduct the | that supports this | portion |
| | | value of collateral. | claim | If any |

| 2.1 | **Citimortgage** | Describe the property that secures the claim: | $63,000.00 | $62,250.00 | $750.00 |
|---|---|---|---|---|---|

Creditor's Name

Describe the property that secures the claim:
**188 Woodland Drive Newport, NC 28570  Carteret County (Residence)**
**FMV : $62,250.00   (CMA - 6.23.16)**
**Purchased: 1993**
**Price: $50,212.00**
**TV: $112,896.00**
**Ownership:D1**
**Monthly Contractual Payment (P/I/E): $527.00**
**Due:1st**

**Attention:  Managing Agent**
**PO Box 6243**
**Sioux Falls, SD 57117**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   **Principal -I/S(527X60) inc. admin arrear & pre-pet 24500.00/prorata**

| Date debt was incurred | | Last 4 digits of account number | 2163 | | |
|---|---|---|---|---|---|

| 2.2 | **North Carolina Department of Revenu** | Describe the property that secures the claim: | $1,977.00 | $62,250.00 | $1,977.00 |
|---|---|---|---|---|---|

Debtor 1  **Daniel Jay Savage, II**

First Name    Middle Name    Last Name

Case number (if know) _____

Creditor's Name

**188 Woodland Drive Newport, NC 28570  Carteret County (Residence)**
**FMV : $62,250.00   (CMA -  6.23.16)**
**Purchased: 1993**
**Price: $50,212.00**
**TV: $112,896.00**
**Ownership:D1**
**Monthly Contractual Payment (P/I/E): $527.00**
**Due:1st**

**Attention:  Managing Agent**
**PO Box 1168**
**Raleigh, NC 27602-1168**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)

☐ Judgment lien from a lawsuit

■ Other (including a right to offset)    MTA Lien - 12.23.08

Date debt was incurred _____    Last 4 digits of account number _____

---

| 2.3 | **On Site Storage - Mobile Mini Inc.** | | $1,299.00 | $62,250.00 | $1,299.00 |

Creditor's Name

Describe the property that secures the claim:

**188 Woodland Drive Newport, NC 28570  Carteret County (Residence)**
**FMV : $62,250.00   (CMA -  6.23.16)**
**Purchased: 1993**
**Price: $50,212.00**
**TV: $112,896.00**
**Ownership:D1**
**Monthly Contractual Payment (P/I/E): $527.00**
**Due:1st**

**Attention:  Managing Agent**
**6152 New Bern Hwy**
**Maysville, NC 28555**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)

☐ Judgment lien from a lawsuit

■ Other (including a right to offset)    MTA JL - 10.1.13

Date debt was incurred   **13CVM439**    Last 4 digits of account number _____

---

| 2.4 | **Robert Clayton Davenport Jr.** | Describe the property that secures the claim: | $4,500.00 | $62,250.00 | $4,500.00 |

---

| Debtor 1 | **Daniel Jay Savage, II** | | Case number (if know) | |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

---

Creditor's Name

**188 Woodland Drive Newport, NC 28570  Carteret County (Residence)**
**FMV : $62,250.00   (CMA - 6.23.16)**
**Purchased: 1993**
**Price: $50,212.00**
**TV: $112,896.00**
**Ownership:D1**
**Monthly Contractual Payment (P/I/E): $527.00**
**Due:1st**

**Attention:  Managing Agent**
**180 Avis Drive**
**Newport, NC 28570**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   MTA JL - 4.1.10

| Date debt was incurred | **Judgment**<br>**10CVM1423** | Last 4 digits of account number | |
|---|---|---|---|

---

| 2.5 | **Robert Schultz** | Describe the property that secures the claim: | $3,647.00 | $62,250.00 | $3,647.00 |
|---|---|---|---|---|---|

Creditor's Name

**188 Woodland Drive Newport, NC 28570  Carteret County (Residence)**
**FMV : $62,250.00   (CMA - 6.23.16)**
**Purchased: 1993**
**Price: $50,212.00**
**TV: $112,896.00**
**Ownership:D1**
**Monthly Contractual Payment (P/I/E): $527.00**
**Due:1st**

**Attention:  Managing Agent**
**124-44 Hubert Blvd.**
**Hubert, NC 28539**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
■ Judgment lien from a lawsuit
■ Other (including a right to offset)   MTA JL -

| Date debt was incurred | **Judgment**<br>**10CVM751** | Last 4 digits of account number | |
|---|---|---|---|

---

| Add the dollar value of your entries in Column A on this page. Write that number here: | $74,423.00 |
|---|---|
| If this is the last page of your form, add the dollar value totals from all pages. Write that number here: | $74,423.00 |

**Part 2:**  List Others to Be Notified for a Debt That You Already Listed

---

Official Form 106D          Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**          page 3 of 4

| Debtor 1 | **Daniel Jay Savage, II** | | Case number (if know) | |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

☐    Name, Number, Street, City, State & Zip Code
       **CitiMortgage**
       **Attention:  Managing Agent**
       **PO Box 6030**
       **Sioux Falls, SD 57117-6030**

On which line in Part 1 did you enter the creditor?  **2.1**

Last 4 digits of account number ___

☐    Name, Number, Street, City, State & Zip Code
       **Shapiro & Ingle, L.L.P.**
       **Attorney At Law**
       **10130 Perimeter Parkway, Suite 400**
       **Charlotte, NC 28216**

On which line in Part 1 did you enter the creditor?  **2.1**

Last 4 digits of account number  **P223**

Official Form 106D        Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**        page 4 of 4

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Daniel Jay Savage, II** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF NORTH CAROLINA |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim.  Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:    List All of Your PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims against you?**

☐ No. Go to Part 2.

☑ Yes.

2.  **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

(For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|

| | |
|---|---|
| **2.1** | **Gillespie & Murphy, PA** |

**Gillespie & Murphy, PA**
Priority Creditor's Name
**Attention:  Managing Agent**
**PO Drawer 888**
**New Bern, NC 28563**
Number Street City State Zip Code

Last 4 digits of account number _____       **$2,843.00**       **$2,843.00**       **$0.00**

When was the debt incurred?  _____

**Who incurred the debt?** Check one.

☑ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

☑ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of PRIORITY unsecured claim:**

☐ Domestic support obligations

☑ Taxes and certain other debts you owe the government

☐ Claims for death or personal injury while you were intoxicated

☐ Other. Specify _____
                              **Attorney Fees**

Debtor 1    **Daniel Jay Savage, II**                                                    Case number (if know)

---

| 2.2 | **Internal Revenue Service** | Last 4 digits of account number | $1,712.54 | $1,712.54 | $0.00 |

Priority Creditor's Name
**Attention:  Managing Agent**
**PO Box 7346**
**Philadelphia, PA 19101-7346**
Number Street City State Zip Code

When was the debt incurred?

**Who incurred the debt?** Check one.

☑ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☑ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of PRIORITY unsecured claim:**

☐ Domestic support obligations

☑ Taxes and certain other debts you owe the government

☐ Claims for death or personal injury while you were intoxicated

☐ Other. Specify _____
**2013, 2014 & 2015**

---

| 2.3 | **Wendy Ransier** | Last 4 digits of account number | $0.00 | $0.00 | $0.00 |

Priority Creditor's Name
**Attention:  Managing Agent**
**807 S Yaupon Ter**
**Morehead City, NC 28557**
Number Street City State Zip Code

When was the debt incurred?

**Who incurred the debt?** Check one.

☑ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

☑ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of PRIORITY unsecured claim:**

☑ Domestic support obligations

☐ Taxes and certain other debts you owe the government

☐ Claims for death or personal injury while you were intoxicated

☐ Other. Specify _____
**Debtor will continue to pay $200.00 per month in child support (this is not court order)**

---

| **Part 2:** | **List All of Your NONPRIORITY Unsecured Claims** |

3.  **Do any creditors have nonpriority unsecured claims against you?**

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

☑ Yes.

4.  **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

**Total claim**

Debtor 1   **Daniel Jay Savage, II**                                    Case number (if know)

---

**4.1**   **Carteret County Hosptial**
Nonpriority Creditor's Name

**Attn: Managing Agent**
**3500 Arendell St.**
**Morehead City, NC 28557**
Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

Last 4 digits of account number _____                    **$12,000.00**

When was the debt incurred? _____

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify _____

---

**4.2**   **Child Support Enf Ag/NC**
Nonpriority Creditor's Name

**Nc Child Support Enforcement**
**Po Box 20800**
**Raleigh, NC 27619**
Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

Last 4 digits of account number   3191                    **$0.00**

                                           **Opened 10/13  Last Active**
When was the debt incurred?   **8/01/13**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
■ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify _____

                         **Family Support**

---

**4.3**   **Direct TV**
Nonpriority Creditor's Name

**Attn: Managing Agent**
**211 E Lombard St, #307**
**Baltimore, MD 21202**
Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

Last 4 digits of account number _____                    **Unknown**

When was the debt incurred? _____

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify _____

---

Debtor 1  **Daniel Jay Savage, II**                              Case number (if know) _____

---

**4.4** | **First Point Collection Resources** | Last 4 digits of account number _____ | **$79.00**

Nonpriority Creditor's Name
**Attention:  Managing Agent**
**225 Commerce Pl**
**Greensboro, NC 27154**

Number Street City State Zip Code

When was the debt incurred? _____

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify _____

---

**4.5** | **I C System Inc** | Last 4 digits of account number **9001** | **$234.00**

Nonpriority Creditor's Name
**Attention:  Managing Agent**
**PO Box 64378**
**Saint Paul, MN 55164**

Number Street City State Zip Code

When was the debt incurred?  **Opened 11/15**

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Collection Attorney Newport Animal Clinic**

---

**4.6** | **Merchants Ad** | Last 4 digits of account number **9332** | **$0.00**

Nonpriority Creditor's Name
**56 N Florida St**
**Mobile, AL 36607**

Number Street City State Zip Code

When was the debt incurred?  **Opened  8/12/13**

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Coastal Radiology Associates**

---

Debtor 1  **Daniel Jay Savage, II** | Case number (if know)

---

**4.7** | **NCO Fin/99**

Nonpriority Creditor's Name

**Attention:  Managing Agent**
**PO Box 41466**
**Philadelphia, PA 19101**

Number Street City State Zlp Code

**Who incurred the debt? Check one.**

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**Last 4 digits of account number** _____   **$1,462.00**

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify _____

---

**4.8** | **Online Collection**

Nonpriority Creditor's Name

**Attn: Managing Agent**
**685 W Fire Tower Rd**
**Winterville, NC 28590**

Number Street City State Zlp Code

**Who incurred the debt? Check one.**

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**Last 4 digits of account number** _____   **$107.00**

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify   **City of Havelock**

---

**4.9** | **Online Collection**

Nonpriority Creditor's Name

**Attn: Managing Agent**
**685 W Fire Tower Rd**
**Winterville, NC 28590**

Number Street City State Zlp Code

**Who incurred the debt? Check one.**

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**Last 4 digits of account number** _____   **$845.00**

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify   **Emergency Pet Hospital**

---

Debtor 1    **Daniel Jay Savage, II**

Case number (if know)

| 4.1 0 | | |
|---|---|---|

**US Dept. of HUD**
Nonpriority Creditor's Name
**Attention:  Managing Agent**
**2 W 2nd St #400**
**Tulsa, OK 74103**
Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**
**Is the claim subject to offset?**
■ No
☐ Yes

Last 4 digits of account number                                    $5,801.10

When was the debt incurred?  _____

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  _____

---

**Part 3:    List Others to Be Notified About a Debt That You Already Listed**

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

Name and Address
**City of Havelock**
**Attention:  Managing Agent**
**1 Governmental Drive**
**Havelock, NC 28532**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.8** of (Check one):
☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

Name and Address
**Emergency Pet Hospital**
**Attention:  Managing Agent**
**1301 A East Main Street**
**Havelock, NC 28532**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.9** of (Check one):
☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

Name and Address
**Newport Animal Clinic**
**Attention:  Managing Agent**
**295 Howard Blvd.**
**Newport, NC 28570**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.5** of (Check one):
☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

Name and Address
**Sprint**
**Attn: Managing Agent**
**PO Box 931994**
**Atlanta, GA 31193-1994**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.7** of (Check one):
☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

---

**Part 4:    Add the Amounts for Each Type of Unsecured Claim**

6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

| | | | | | Total Claim |
|---|---|---|---|---|---|
| **Total claims from Part 1** | 6a. | **Domestic support obligations** | 6a. | $ | 0.00 |
| | 6b. | **Taxes and certain other debts you owe the government** | 6b. | $ | 4,555.54 |
| | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. | $ | 0.00 |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $ | 0.00 |

Debtor 1   **Daniel Jay Savage, II**                                    Case number (if know)  _____

|  | | | | |
|---|---|---|---|---|
| | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. | $ **4,555.54** |

**Total claims from Part 2**

| | | | |
|---|---|---|---|
| 6f. | **Student loans** | 6f. | **Total Claim**<br>$ **0.00** |
| 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $ **0.00** |
| 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ **0.00** |
| 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ **20,528.10** |
| 6j. | **Total Nonpriority.** Add lines 6f through 6i. | 6j. | $ **20,528.10** |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Daniel Jay Savage, II** |
| | First Name        Middle Name        Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name        Middle Name        Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF NORTH CAROLINA |
| Case number | _____ |
| (if known) | |

☐ Check if this is an
  amended filing

## Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases                12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1. **Do you have any executory contracts or unexpired leases?**
   ☑ No. Check this box and file this form with the court with your other schedules.  You have nothing else to report on this form.
   ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2. **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease<br>Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|
| **2.1** <br> Name <br><br> Number     Street <br><br> City          State     ZIP Code | |
| **2.2** <br> Name <br><br> Number     Street <br><br> City          State     ZIP Code | |
| **2.3** <br> Name <br><br> Number     Street <br><br> City          State     ZIP Code | |
| **2.4** <br> Name <br><br> Number     Street <br><br> City          State     ZIP Code | |
| **2.5** <br> Name <br><br> Number     Street <br><br> City          State     ZIP Code | |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Daniel Jay Savage, II** |
| | First Name   Middle Name   Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name   Middle Name   Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF NORTH CAROLINA |
| Case number | |
| (if known) | |

☐ Check if this is an amended filing

# Official Form 106H
## Schedule H: Your Codebtors                                                      12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

■ No
☐ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

■ No. Go to line 3.
☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

**3. In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.**

| *Column 1:* **Your codebtor** Name, Number, Street, City, State and ZIP Code | *Column 2:* **The creditor to whom you owe the debt** Check all schedules that apply: |
|---|---|
| **3.1** _____<br>Name<br><br>_____<br>Number   Street<br>City                    State            ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |
| **3.2** _____<br>Name<br><br>_____<br>Number   Street<br>City                    State            ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Daniel Jay Savage, II** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF NORTH CAROLINA |
| Case number (If known) | |

Check if this is:
- ☐ An amended filing
- ☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I
## Schedule I: Your Income
12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| | **Employment status** | ■ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| | **Occupation** | Plumber | |
| | **Employer's name** | Budget Plumbing - Self | |
| | **Employer's address** | | |
| | **How long employed there?** | 1983-2016 | |

### Part 2:    Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ 0.00 | $ N/A |
| 3. | **Estimate and list monthly overtime pay.** | 3. | +$ 0.00 | +$ N/A |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4. | $ 0.00 | $ N/A |

Debtor 1    **Daniel Jay Savage, II**                                           Case number *(if known)*

|  |  | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | Copy line 4 here | 4. | $ 0.00 | $ N/A |

5. **List all payroll deductions:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. | **Tax, Medicare, and Social Security deductions** | 5a. | $ 0.00 | $ N/A |
| 5b. | **Mandatory contributions for retirement plans** | 5b. | $ 0.00 | $ N/A |
| 5c. | **Voluntary contributions for retirement plans** | 5c. | $ 0.00 | $ N/A |
| 5d. | **Required repayments of retirement fund loans** | 5d. | $ 0.00 | $ N/A |
| 5e. | **Insurance** | 5e. | $ 0.00 | $ N/A |
| 5f. | **Domestic support obligations** | 5f. | $ 0.00 | $ N/A |
| 5g. | **Union dues** | 5g. | $ 0.00 | $ N/A |
| 5h. | **Other deductions.** Specify: | 5h.+ | $ 0.00 | + $ N/A |

6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.    6.    $ 0.00    $ N/A

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.    7.    $ 0.00    $ N/A

8. **List all other income regularly received:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 8a. | **Net income from rental property and from operating a business, profession, or farm**<br>Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 2,122.50 | $ N/A |
| 8b. | **Interest and dividends** | 8b. | $ 0.00 | $ N/A |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive**<br>Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ N/A |
| 8d. | **Unemployment compensation** | 8d. | $ 0.00 | $ N/A |
| 8e. | **Social Security** | 8e. | $ 0.00 | $ N/A |
| 8f. | **Other government assistance that you regularly receive**<br>Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.<br>Specify: | 8f. | $ 0.00 | $ N/A |
| 8g. | **Pension or retirement income** | 8g. | $ 0.00 | $ N/A |
| 8h. | **Other monthly income.** Specify: | 8h.+ | $ 0.00 | + $ N/A |

9. **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.    9.    $ 2,122.50    $ N/A

10. **Calculate monthly income.** Add line 7 + line 9.    10.    $ 2,122.50    + $ N/A    = $ 2,122.50
    Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in *Schedule J.***
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify:    11.    + $ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies    12.    $ 2,122.50

    **Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**

  ■ No.
  ☐ Yes. Explain:

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Daniel Jay Savage, II** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF NORTH CAROLINA |
| Case number (If known) | |

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
# Schedule J: Your Expenses
12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Your Household

1.  **Is this a joint case?**

    ■ No. Go to line 2.
    ☐ Yes. **Does Debtor 2 live in a separate household?**

    　　☐ No
    　　☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2.  **Do you have dependents?**　☐ No

    Do not list Debtor 1 and Debtor 2.

    ■ Yes. Fill out this information for each dependent..............

    Do not state the dependents names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| **Girl Friend** | | ☐ No  ■ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |

3.  **Do your expenses include expenses of people other than yourself and your dependents?**　　■ No　☐ Yes

### Part 2:   Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J,* check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | **Your expenses** |
|---|---|

4.  **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.

4.  $　　　　　0.00

**If not included in line 4:**

| | | |
|---|---|---|
| 4a. | Real estate taxes | 4a. $　　0.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $　　0.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $　50.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $　　0.00 |
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. $　　0.00 |

Debtor 1    **Daniel Jay Savage, II**                                        Case number (if known) _____

| | | | |
|---|---|---|---|
| 6. | **Utilities:** | | |
| | 6a. Electricity, heat, natural gas | 6a. $ | 200.00 |
| | 6b. Water, sewer, garbage collection | 6b. $ | 0.00 |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 0.00 |
| | 6d. Other. Specify: **Cell Phones** | 6d. $ | 100.00 |
| 7. | **Food and housekeeping supplies** | 7. $ | 200.00 |
| 8. | **Childcare and children's education costs** | 8. $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. $ | 2.00 |
| 10. | **Personal care products and services** | 10. $ | 0.00 |
| 11. | **Medical and dental expenses** | 11. $ | 0.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. | 12. $ | 200.00 |
| | Do not include car payments. | | |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. $ | 0.00 |
| 14. | **Charitable contributions and religious donations** | 14. $ | 0.00 |
| 15. | **Insurance.** | | |
| | Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. Life insurance | 15a. $ | 0.00 |
| | 15b. Health insurance | 15b. $ | 0.00 |
| | 15c. Vehicle insurance | 15c. $ | 40.00 |
| | 15d. Other insurance. Specify: | 15d. $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. | | |
| | Specify: | 16. $ | 0.00 |
| 17. | **Installment or lease payments:** | | |
| | 17a. Car payments for Vehicle 1 | 17a. $ | 0.00 |
| | 17b. Car payments for Vehicle 2 | 17b. $ | 0.00 |
| | 17c. Other. Specify: **Chapter 13 Plan Payment** | 17c. $ | 1,100.00 |
| | 17d. Other. Specify: | 17d. $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. $ | 200.00 |
| 19. | **Other payments you make to support others who do not live with you.** | 19. $ | |
| | Specify: | | |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | |
| | 20a. Mortgages on other property | 20a. $ | 0.00 |
| | 20b. Real estate taxes | 20b. $ | 0.00 |
| | 20c. Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
| | 20e. Homeowner's association or condominium dues | 20e. $ | 0.00 |
| 21. | **Other:** Specify: **Grooming/Haircuts** | 21. +$ | 10.00 |
| | **Pets/Vets** | +$ | 20.00 |
| 22. | **Calculate your monthly expenses** | | |
| | 22a. Add lines 4 through 21. | $ | 2,122.00 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | $ | 2,122.00 |
| 23. | **Calculate your monthly net income.** | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. $ | 2,122.50 |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. -$ | 2,122.00 |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. $ | 0.50 |
| 24. | **Do you expect an increase or decrease in your expenses within the year after you file this form?** | | |
| | For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage? | | |
| | ■ No. | | |
| | ☐ Yes. Explain here: | | |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify your case:</strong></td></tr>
</table>

| | |
|---|---|
| Debtor 1 | **Daniel Jay Savage, II** |
| | First Name   Middle Name   Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name   Middle Name   Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF NORTH CAROLINA |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 106Sum
## Summary of Your Assets and Liabilities and Certain Statistical Information   12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:  Summarize Your Assets

| | **Your assets** Value of what you own |
|---|---|
| 1. **Schedule A/B: Property** (Official Form 106A/B) | |
| 1a. Copy line 55, Total real estate, from Schedule A/B........................................ | $ 62,250.00 |
| 1b. Copy line 62, Total personal property, from Schedule A/B................................ | $ 15,565.00 |
| 1c. Copy line 63, Total of all property on Schedule A/B...................................... | $ 77,815.00 |

### Part 2:  Summarize Your Liabilities

| | **Your liabilities** Amount you owe |
|---|---|
| 2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | |
| 2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D...* | $ 74,423.00 |
| 3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | |
| 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*............................... | $ 4,555.54 |
| 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*........................... | $ 20,528.10 |
| **Your total liabilities** | $ 99,506.64 |

### Part 3:  Summarize Your Income and Expenses

| | |
|---|---|
| 4. *Schedule I: Your Income* (Official Form 106I) Copy your combined monthly income from line 12 of *Schedule I*............................................... | $ 2,122.50 |
| 5. *Schedule J: Your Expenses* (Official Form 106J) Copy your monthly expenses from line 22c of *Schedule J*............................................ | $ 2,122.00 |

### Part 4:  Answer These Questions for Administrative and Statistical Records

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

   ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

   ☑ Yes

7. **What kind of debt do you have?**

   ☑ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

   ☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Debtor 1   **Daniel Jay Savage, II**                                      Case number *(if known)*

8.  **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form 122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.

$    2,122.50

9.  Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ 0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ 4,555.54 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ 0.00 |
| 9d. Student loans. (Copy line 6f.) | $ 0.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ 0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ 0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $ 4,555.54 |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Daniel Jay Savage, II** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF NORTH CAROLINA | | |
| Case number (if known) | _____ | | |

☐ Check if this is an amended filing

Official Form 106Dec
# Declaration About an Individual Debtor's Schedules
12/15

If two married people are filing together, both are equally responsible for supplying correct information.

**You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

**Sign Below**

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

■ No

☐ Yes. Name of person _____   Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

| X | **/s/ Daniel Jay Savage, II** | X | |
|---|---|---|---|
| | **Daniel Jay Savage, II** | | Signature of Debtor 2 |
| | Signature of Debtor 1 | | |
| | Date **February 16, 2018** | | Date |

In re   __Daniel Jay Savage, II_____        Case No.   _____

                                    Debtor(s)


### FORM 106DEC DECLARATION ABOUT AN INDIVIDUAL DEBTOR'S SCHEDULES
**Attachment A**

 Inclusion of any debt listed on Schedules D, E or F shall not be construed as an admission as to it's
validity including but not limited to the propriety/amount of charges/fees, interest rate or standing to
assert a claim based on the alleged debt.

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Eastern District of North Carolina

In re    **Daniel Jay Savage, II**
<br>Debtor(s)

Case No.
<br>Chapter    **13**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **5,000.00** |
| Prior to the filing of this statement I have received | $ | **2,157.00** |
| Balance Due | $ | **2,843.00** |

2.  $ __**310.00**__ of the filing fee has been paid.

3.  The source of the compensation paid to me was:

    ■ Debtor        ☐ Other (specify):

4.  The source of compensation to be paid to me is:

    ☐ Debtor        ■ Other (specify):    **Chapter 13**

5.  ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
    e.  [Other provisions as needed]

7.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:
    <br>**Refer to attorney fee contract attached hereto.  (Chapter 13 Cases only)**

    **Representation of debtors in an adversary proceeding or other contested bankruptcy matters.  (Chapter 7 cases only)**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**February 16, 2018**
<br>*Date*

**/s/ Lindsay Murphy Parker**
<br>**Lindsay Murphy Parker 50894**
<br>*Signature of Attorney*
<br>**Gillespie & Murphy PA**
<br>**P.O. Drawer 888**
<br>**New Bern, NC 28563**
<br>**(252) 636-2225  Fax: (252) 636-0625**
<br>**gmpa@lawyersforchrist.com**
<br>*Name of law firm*

---

# Gillespie and Murphy, P.A.

**Attorneys at Law**

**J. Allen Murphy**
**Jonathan E. Friesen**
**Lindsay M. Parker**
**Patrick D. Riley**

| | | | |
|---|---|---|---|
| **320 Middle Street** | **200 Valencia Dr.** | **101 W. 14th St.** | **321 N. Front St.** |
| **PO Drawer 888** | **Suite 119** | **Suite 101** | **Suite 301** |
| **New Bern, NC 28563** | **Jacksonville NC 28546** | **Greenville NC 27834** | **Wilmington NC 28401** |
| **P: (252) 636-2225** | **P: (800) 453-9851** | **P: (800) 453-9851** | **P: (910) 254-3456** |
| **F: (252) 636-0625** | | | **F: (910) 254-3444** |

**Email: gmpa@lawyersforchrist.com**
**Website: www.lawyersforchrist.com**

### CLIENT AUTHORIZATION FOR LEGAL SERVICES, BANKRUPTCY FEE CONTRACT, CHAPTER 13 CASE

The undersigned "Client(s)" retains the law offices of Gillespie and Murphy, P.A. (hereafter referred to as "attorney") for the purpose of filing a petition under Chapter 13 of the U.S. Bankruptcy Code (the "case.")  The attorney shall represent the client in a Chapter 13 bankruptcy proceeding before the United States Bankruptcy Court for the Eastern District of North Carolina, subject to the terms of this agreement as set forth herein.

1.      **FEES AND COSTS AND TERMS OF PAYMENT:**

   (a)      Client(s) agree(s) attorney shall be paid a total of $  9476.00

   This amount includes the following:
   1.      $ 5000.00          attorney fees;
   2.      $    33.00          credit report fee ($33.00 ind./$66.00 joint)
   3.      $   310.00          bankruptcy court filing fee;
   4.      $ 4133.00          other services  fees from previous case

   (b)      The following amount of fees and costs must be paid prior to the final preparation of and filing of the Chapter 13 bankruptcy petition:
   1.      $ 2157.00          up front portion of attorney fee;
   2.      $    33.00          credit report fee
   3.      $   310.00          bankruptcy court filing fee;
   4.      $ 4133.00          other services fees from previous case

   TOTAL UP FRONT FEES AND COSTS: $ 6633.00

   (c)      The balance of the attorney fee of $ 2843.00           shall be paid through the client(s) Chapter 13 plan in accordance with the applicable provisions of the Bankruptcy Code and the applicable provisions of the Local Rules of the Bankruptcy Court for the

-1-

Eastern District of North Carolina (EDNC).  Attorney fees to be paid through the Chapter 13 plan (the portion of the attorney fee not paid upfront/pre-petition and any additional compensation awarded the attorney upon application to the court pursuant to Rule 2016-1 (a)(11)(A) herein and the Administrative Guide) shall be treated and paid by the Trustee as an administrative expense of the Chapter 13 case.  These fees shall be paid by the Trustee during the first year of the plan unless the Court, the Trustee, or approved Chapter 13 Plan directs otherwise.  The Trustee may without application to the court, modify the Chapter 13 plan to extend the duration of the plan and/or increase the monthly amount of the plan payment in order to provide the funds necessary to pay the attorney fees as set forth herein.  The Trustee must notify the attorney and the client(s) of any necessary plan modifications.

(d)      The undersigned has paid $ 0.00          upon execution of the agreement.  The remaining balance of the upfront attorney fee and cost are $ 6633.00          and must be paid prior to the preparation and filing of the Chapter 13 bankruptcy petition.  **The Chapter 13 petition shall not be filed, in accordance with the bankruptcy code, until all upfront fees and costs, as set forth above are paid and all information requested by attorney is provided, the petition is prepared, reviewed by "Client(s)" for accuracy and signed for verification by "Client(s)".  Once preparation of the petition has begun all attorneys fee paid to the attorney shall be applied in payment of the attorneys fees and shall be non-refundable.**

Client agrees that if payments are not made as outlined above, attorney may immediately close client(s) file, in which case no further action needs to be taken or services rendered by attorney and said file shall be closed.  The bankruptcy court filing fee shall be returned to the client(s) with all other fees paid being non-refundable and paid to attorney.  In the event the "Client(s)" has not paid the up-front fees and costs within 180 days of the date of this Agreement, it shall be presumed that the "Client(s)" has elected not to file bankruptcy.  Any attorney fees paid and costs paid for services such as, but not limited to, credit report, credit counseling, debtor education or similar services after this 180 days shall be forfeited by Client(s) to attorney as non-refundable.

(e)      Additional fees may be awarded to attorney for services provided to client in accordance with the local rules of the bankruptcy court for the EDNC.

The fee schedule set forth in paragraph 6 (A) - (T) below reflects the current fees allowed for the services described. These fees are adjusted upwards by the Court from time to time and any services provided will be billed at the rate in existence at the time such services are rendered.

In accordance with local rule 2016-1 of the Bankruptcy Court for the Eastern District of North Carolina, the following are the rules and procedures governing the award of attorney's fees in Chapter 13 cases.  Client(s) acknowledges these rules and procedures and agrees to the terms thereof.

**(1)      AMOUNT OF STANDARD BASE FEE: The standard base fee in a Chapter 13 case is as provided in the statement of approved compensation**

-2-

published annually by the clerk and included in the Administrative Guide to Practice and Procedure.  ($5,000.00) Though the standard fee will typically be approved by the court without hearing, the trustee may recommend, in appropriate cases, that a lower fee be allowed.  In recommending a standard base fee in converted cases, the trustee shall take into consideration the compensation already received.

(2)     SERVICES INCLUDED IN THE BASE FEE.  The standard fee includes the basic services reasonably necessary to represent the debtor before the bankruptcy court during the first 12 months after filing the case, or confirmation of the case, whichever occurs first.

(3)     APPLYING FOR A HIGHER BASE FEE.  Applications for approval of a base fee higher that the standard base fee must be filed by the debtor's attorney within 60 days after the conclusion of the creditor's meeting under § 341 of the Bankruptcy Code.

(4)     NON-BASE FEE SERVICES DEFINED.  The following services are not covered by the standard base fee, and additional compensation for these services may be awarded by the court:

(A)     motion for authority to sell real property;

(B)     application to incur debt

(C)     prosecution or defense of adversary proceedings

(D)     motion or adversary proceeding to value collateral and avoid mortgage;

(E)     motion to avoid lien;

(F)     services other than those included in the base fee as described in subsection(a)(2); and

(G)     any other service that, in the discretion of the court, reasonably warrants additional compensation.

(5)     APPROVAL OF NON-BASE FEES.  Except as specified in subsection (6), applications for fees for any non-base fee services provided to a chapter 13 debtor must be approved by the court.  Notice of each application for fees and expenses in any amount under $1,000 must be sent to each debtor, the trustee, and the bankruptcy administrator.  Notice of each application for fees and expenses of $1,000 and above must be given to all parties in interest.

(6)     PRESUMPTIVE NON-BASE FEES/APPROVAL/NOTICE.  The list of presumptively reasonable non-base fee services are contained in the statement of approved compensation published by the clerk and included in the Administrative Guide to Practice and Procedure.  Applications for the presumptive non-base fee must be filed with a notice verifying completion of the service and a certificate of service evidencing service of the notice on each debtor and the trustee.  After notice pursuant to subsection (5) above, the applications for presumptive non-base fees will be deemed approved by the court but is subject to modification of the court upon a timely objection.  Alternatively, the debtor's attorney may apply to the court for approval of non-base fees on a "time and expense" basis pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 330.  Presumptive Non-base Fees effective September 1, 2012 and modified effective December

-3-

4, 2015 as outlined in the Administrative Guide are listed below:

| | |
|---|---|
| (A) Motion to use interrogatories, and interrogatories | $150.00 |
| (B) Motion for turnover | $400.00 |
| (C) Motion to avoid lien | $450.00 |
| (D) Motion to modify plan post-confirmation | $450.00 |
| (E) Motion to substitute collateral | $400.00 |
| (F) Motion for authority to sell property | $450.00 |
| (G) Application to incur debt | $200.00 |
| (H) Defense of motion for relief from stay and/or co-debtor stay | $500.00 |
| (I) Handling of an insurance inquiry received more than twelve (12) months after the Chapter 13 case is filed | $100.00 |
| (J) Motion to set aside dismissal | $350.00 |
| (K) Defense of motion to dismiss | $250.00 |
| (L) Motion for hardship discharge | $500.00 |
| (M) Objection to claims | $150.00 |
| (N) Notice to abandon property | $150.00 |
| (O) Motion to Value Collateral and Avoid Mortgage | $500.00 |
| (P) Filing of proof of claim | $150.00 |
| (Q) Motion to Deem Mortgage Current (to be paid directly by the debtor) | $350.00 |
| (R) Amendment to schedules or statement of Financial Affairs | $100.00 |
| (S) Objection to Confirmation | $350.00 |
| (T) Motion to Surrender | $150.00 |

**COSTS APPLIED TO ALL:** When the costs for copying and postage exceed $25.00, the actual amount, plus the presumptive fee, shall be reimbursed to counsel.

(7)     **DISCLOSURE OF FEE PROCEDURES.** Every attorney for a chapter 13 debtor must disclose to the debtor the procedures applicable in this district to awards of attorneys' fees in chapter 13 cases.

(8)     **INTERIM APPROVAL OF PARTIAL BASE FEE.** An attorney fee incurred for services provided to the debtor in connection with the bankruptcy filing prior to the petition date is authorized and shall be considered part of the base fee. Any amount in excess of the base fee collected by the attorney prior to filing the chapter 13 petition must be held in the attorney's client trust account pending further order of the court or approval of the fees in accordance with this rule.

(9)     **PAYMENT OF ATTORNEY FEES/MODIFICATION OF PLAN.** The following will be treated and paid as administrative expenses of the chapter 13 case:

(A)     the standard base fee, less any partial base fee paid prior to filing the chapter 13 petition; and

(B)     any additional amounts awarded in excess of the standard base fee or for non-base fee services.

These fees shall be paid by the trustee at the rate set in the Administrative Guide to

-4-

**Practice and Procedure unless the court directs otherwise.  The trustee may, without application to the court, modify the chapter 13 plan to extend the duration of the plan and/or increase the monthly amount of the plan payment in order to provide the funds necessary to pay attorney fees.  The trustee must notify the debtor and the debtor's attorney of the plan modification.**

(f)     Upon the payment of any portion of the up-front attorney fees set forth in 1(b) above, a file shall be opened and all fees paid to attorney towards the up-front attorney fees shall be deemed non-refundable.  In the event that client elects not to file bankruptcy, all monies paid will be first applied to the up-front attorney's fees and non-refundable, then to other costs incurred by attorney, then to the cost of credit counseling fees, credit report fees, bankruptcy court filing fees or other similar fees/costs and if not expended for such purpose shall be refundable to the "Client(s)' upon request, except as set forth in paragraph 1 (d).

(g)     If additional services, not included in the standard base fee nor included in local rule 2016-1 of the EDNC Bankruptcy Rules, do become necessary, the "Client(s)" agree(s) to pay for these additional services, upon request, in advance, before the services are rendered at the hourly rate of $350.00 per hour and $125.00 per hour for paralegal time, or a flat fee which payments will be deposited and kept in attorney's client trust account until any necessary court approval is obtained.  In the alternative, the attorney may agree to provide the service and to apply to the Court to add the fees for said services paid through clients Chapter 13 plan, instead of requiring payment directly from client(s).

(h)     CONTINGENCY FEE ELECTION - In the event the attorney files an action to address creditor misconduct, including adversary proceedings or motions for sanctions the attorney, in his sole discretion, may elect to provide these services on a "contingency fee" basis.  Under this election, the client agrees that the attorney shall be compensated for performing these services through payment to him of a minimum of 33% of any gross recovery obtained on the client's behalf, subject to Bankruptcy Court approval.

2.     **LEGAL SERVICES PROVIDED:**
(a)     For the fees set forth in 1(a) above, the attorney shall provide basic services reasonably necessary to properly prepare the chapter 13 bankruptcy petition and represent the "Client(s)" before the bankruptcy court during the first 12 months after filing the petition or confirmation of the case, whichever occurs first, however, additional fees may be awarded during this 12 months or prior to confirmation in accordance with the Local Rule 2016-1(a)4(E) of the bankruptcy court for the Eastern District of North Carolina as set forth in 1(e) above.  These services include the following:

1.     Interview with the debtor;
2.     Analysis and recommendation of appropriate chapter of Bankruptcy;
3.     Reasonable inquiry into the debtor's assets, including efforts to confirm or verify ownership through search of a tax office, register of deeds office, other public records search, or document review;
4.     Obtaining credit report, pay advices (if no wages or self-employed during the applicable period, an appropriate affidavit), and tax returns;
5.     Preparation of all documents required under §521 of the Bankruptcy Code,

-5-

including, but not limited to, the schedules, Statement of Financial Affairs for Individuals Filing for Bankruptcy, Forms 122C-1 and 122C-2 (if applicable), and chapter 13 plan;

6.    Representation at the creditors' meeting under §341 of the Bankruptcy Code;

7.    Preparation of any amendment to schedules or plan modifications prior to confirmation;

8.    Attendance at plan confirmation hearings;

9.    Preparation of motion to extend or impose automatic stay for repeat filers, if appropriate;

10.    Exemption planning;

11.    Communication with client, creditors, court, Bankruptcy Administrator, and Trustee for proper administration of the case;

12.    Review of documents relevant to the case for it's proper administration; and,

13.    Maintaining custody and control of case file.

(b)    However, in the event some unusual or unexpected event or action occurs that requires more time, expense, and labor for any of the above, the attorney has the right to seek an award of fees through the court for such time, expense and labor.

**3.    LEGAL SERVICES NOT PROVIDED:**

(a)    Conversion to Chapter 7 (if the Chapter 13 case is converted to Chapter 7, the debtor will pay an additional fee set by attorney);

(b)    Representation in any action objecting to discharge in bankruptcy or discharge of a particular debt;

(c)    Representation in any Adversary Proceeding filed by the Trustee or creditor or Bankruptcy Administrator;

(d)    Post-discharge actions;

(e)    Representation before any tax authority;

(f)    The cost of long distance telephone calls and the cost of delivery (other than postage) as permitted by the Local Rules;

(g)    Services initiated to resolve issues concerning concealment of debts or assets or misrepresentation of facts;

(h)    Non-appearances at court or the first meeting of creditors;

(i)    Negotiating or arranging for the retention, redemption. or post discharge release of collateral; and,

(j)    Actions related to incorrect credit reporting.

(k)    Searching title or lien records;

(l)    Services initiated to resolve issues concerning concealment of debts or assets or misrepresentation of facts, valuation of property, objection to exemptions, violation of or relief from the automatic stay, dismissal of the case, purchase or sale of property and incurrence of additional debt;

(m)    Representation in any state court proceeding;

(n)    Representation in any federal court proceeding not including bankruptcy

(o)    Representation in loan modifications;

(p)    Representation in settlement of debts

**4.    CLIENT(S) OBLIGATIONS:**

(a)     To pay the fees set out above;

(b)     To make all payments required by the Client(s) Chapter 13 plan to the Chapter 13 Trustee and pay all outside creditor payments pursuant to "Client(s)" Chapter 13 plan;

(c)     To provide accurately, completely and honestly all the information necessary to properly analyze the client(s) financial situation and prepare the chapter 13 bankruptcy petition, schedules, statement of financial affairs, supplemental local forms, chapter 13 plan, mailing matrix and other documents as required;

(d)     To thoroughly review and sign the bankruptcy petition, schedules, statement of financial affairs, supplemental local forms, chapter 13 plan, mailing matrix and other documents as required and advise attorney of any inaccuracies or changes needed;

(e)     To keep the attorney advised at all times of all the client(s) current contact information, including but not limited to, mailing addresses, physical address, email address, work phone number, home phone number, cell number and any other means of contact;

(f)     To attend the section 341 meeting of creditors and any other court hearings set in "Client(s)" case and to arrive in a timely manner dressed appropriate for a court proceeding;

(g)     To provide any information requested by the Chapter 13 Trustee, Court, Bankruptcy Administrator, Attorney for "Client(s)", any member of Attorney's staff and any other party in the case, unless the Court rules the "Client(s)" is/are not required to provide the information;

(h)     To respond immediately to any phone call, correspondence and requests by the Attorney or staff of Attorney;

(i)     Comply with the obligations placed upon the "Client(s)' by Local Rule 4002-1(g), a copy of which is attached hereto;

(j)     To do everything asked of "Client(s)' by attorney, Trustee, Court and Bankruptcy Administrator for proper administration of "Client(s)" case;

(k)     Not to give out attorney's name, telephone number or address prior to the filing date of clients' case, unless clients have paid attorney at least $200.00 of the attorney fees due; and,

(l)     To promptly provide the Attorney with copies of any judgments, summons, writs of execution, foreclosure notices and all other documentation or legal process (law suits or other proceedings) for matters in which the Client is a party.

**5.      POWER OF ATTORNEY REGARDING PAYMENTS MADE BY "CLIENT(S)"**

(a)     Pursuant to Local Rule 3070-1(a) of Local Rules of the EDNC Bankruptcy Court, upon conversion or dismissal of your Chapter 13 case prior to confirmation, and unless the Court orders otherwise, the Chapter 13 Trustee shall return to the debtor any payments made by the debtor under the proposed plan, less an administrative expense claim under 11 U.S.C. 503(b).  Pursuant to the current practice in the EDNC, if after administrative expenses are paid, there is still money remaining, the Chapter 13 Trustee will return the payment made by the debtor to the office of the attorney representing debtor that filed the case instead of sending the money directly to the debtor. **THE "CLIENT(S)" HEREBY EXPRESSLY GRANTS ATTORNEY A POWER OF ATTORNEY TO NEGOTIATE ANY FUNDS RECEIVED FROM THE CHAPTER 13 TRUSTEE'S OFFICE UPON CONVERSION OR DISMISSAL OF THE CHAPTER 13 CASE PRIOR TO CONFIRMATION IF THE ATTORNEY FEES THAT WERE TO BE PAID THROUGH THE CHAPTER 13 PLAN**

-7-

> **PURSUANT TO THIS AGREEMENT ARE STILL DUE AND OWING TO ATTORNEY AT THE TIME OF THE CONVERSION OR DISMISSAL.**

(b) Client understands and agrees that all attorney fees due attorney pursuant to this agreement are due to Attorney regardless of whether the case is confirmed or dismissed prior to confirmation and "Client(s)" is/are not entitled to any refund of any fees paid to Attorney pursuant to this agreement or by Chapter 13 Trustee.

**6. SECURITY INTEREST AND LIEN ON FUNDS HELD BY TRUSTEE:**

In addition to the above power of attorney granted by Client(s), client(s) hereby grant attorney a security interest and lien on any of the client(s)' funds held by the Chapter 13 Trustee to secure the unpaid portion of any attorney fees due to attorney pursuant to the terms of this agreement.

**7. NO PROMISES OF OUTCOME, FUTURE CREDIT OR TAX ADVISE:**

(a) Client acknowledges that neither attorney nor attorney's staff has made any promises or guarantees about the outcome of "Client(s)" case or the "Client(s)" ability to obtain future credit.

(b) The attorney representation of the "Client(s)" specifically does not include and the attorney has not undertaken to give tax advice to the client, and attorney has advised the debtor to seek separate counsel or a CPA or tax advisor with regard to any tax advice or tax ramifications of the filing of any bankruptcy proceeding.

**8. WITHDRAWAL FROM REPRESENTATION:**

The attorney reserves the right to withdraw from this matter (i) if the client fails to honor any part/portion of this agreement, (ii) for any just reason as permitted or required under the North Carolina State Bar's Rules of Professional Conduct, (iii) as permitted by the rules of courts of the State of North Carolina and/or the Bankruptcy Court.  Notification of withdrawal shall be made in writing to the client.  Attorney shall have an automatic right to withdraw from this matter if a check delivered by the client to the attorney is returned for insufficient funds.

**9. RETENTION OF CLIENT(S) RECORDS:**

Attorney shall scan for retention any of the books, papers, and/or records related to the representation of the client and return all hard copies to the client, if requested.

Client acknowledges and agrees that client's file (with the exception of personal belongings and original documents such as deeds, wills, contracts, etc.) may be destroyed on or after six (6) years from the date client's file is closed. No notice, written or otherwise, shall be provided to client of file destruction following this six year period.

**10. READ CAREFULLY: Client understands that no paralegal, secretary, or other non-lawyer working at the offices of Gillespie and Murphy, P.A., has the authority (i) to give legal advice, (ii) to recommend that client should or should not file for the protection of bankruptcy, (iii) to recommend that client file under one bankruptcy chapter rather than another chapter, to the extent that such advice or recommendation would involve the exercise of independent legal judgement.  Client acknowledges that no one employed by or affiliated with the law offices of Gillespie and Murphy, P.A., other than an attorney, has given such advice or made any such recommendation to the client.**

**11. Caution:** Client understands that if client is behind in payments on a car, mobile home, furniture

loan, lease or other secured debt, the bankruptcy laws do not stop a creditor from repossessing or otherwise taking such property until such time as the client's case gets filed with the Bankruptcy Court.  Similarly, client understands that foreclosure on a home or a piece of land cannot be stopped until the clients case gets filed with the Bankruptcy Court.

12.     **Returned Checks:** Client will be charged (i) a processing fee of $25.00 for any check in which payment has been refused by the payor bank because of insufficient funds or because the drawer did not have an account at that bank and (ii) any service charges imposed on the attorney by a bank or depository for processing the dishonored check, pursuant to the provisions of N.C.G.S. section 6-21.3 and 25-3-506.

13.     **Payments:** All payments must be made in cash, via debit card, certified check, cashiers check, or money order unless approved by the attorney handling the case.  Any payments made by personal check will delay the filing of the related bankruptcy petition for ten (10) business days to allow checks to clear the bank.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Client acknowledges that client has read and understands all the terms of this client authorization for legal services/fee contract.  Client also acknowledges having received a copy of this document which consists of __10___ pages.**

 /S/Daniel J. Savage II                                            2.13.18
Signature of Client                                          Date


_____
PRINTED Name of Client



_____                    _____
Signature of Client                                          Date


_____
PRINTED Name of Client

-10-

RULE 4002-1
DEBTOR DUTIES

(a)      The following shall apply to individual debtors in all cases.

      (1)      FINANCIAL INFORMATION.  Every individual debtor shall bring to the meeting of creditors under §341 and make available to the trustee evidence of current income, including copies of all payment advices or other evidence of payment, if any, with all but the last four digits of the debtor's social security number redacted, received by the debtor from an employer within 60 days before the filing of the petition.

      (2)      TAX RETURN.  At the meeting of creditors under §341, the debtor shall provide to the trustee a copy of the debtor's Federal income tax return for the most recent tax year ending immediately before the commencement of the case and for which a return was filed, including any attachments, or a transcript of the tax return, or provide a written statement that the documentation does not exist.

      (3)      The debtor's obligation to provide tax returns under Federal Bankruptcy Rules 4002(b)(3) and 4002 (b)(4), and Local Bankruptcy Rule 4002-1(a)(2) and (b)(2) is subject to procedures for safeguarding the confidentiality of tax information established by the Director of the Administrative Office of the United States Courts, except that with respect to tax returns provided b the debtor under Local Bankruptcy Rule 4002-1(a)(2) and (b)(2), the trustee and bankruptcy administrator are not subject to the procedures for requesting the obtaining access to tax information established by the Director of the Administrative Office of the United States Courts.

(g)      CHAPTER 13 - DEBTOR DUTIES.  The following shall apply in chapter 13 cases.

      (1)      SCHEDULES AND STATEMENTS REQUIRED.  A debtor in a case under chapter 13 shall comply with the requirements of Local Bankruptcy Rule 1007-1.

      (2)      PAYMENTS UNDER PLAN.  The debtor shall begin making the payments called for in the proposed plan on the first day of the first month following the month in which the chapter 13 case is filed.  The payments shall be made as directed by the standing chapter 13 trustee.

      (3)      DIRECT PAYMENTS TO CREDITORS.  If secured claims are to be paid outside the plan, the debtor shall continue to make the regular scheduled payments to the secured creditor prior to confirmation.

      (4)      DISPOSITION OF PROPERTY.  The debtor shall not dispose of any non-exempt property having a fair market value of more than $5,000 by sale or otherwise without prior approval of the trustee and an order of the court.

      (5)      OBTAINING CREDIT.  The debtor shall not purchase additional property or incur additional debt of $7,500 or more without prior approval from the court.  The debtor must give notice of the application to purchase additional property or to incur additional debt to the chapter 13 trustee, who must respond within fourteen days of receipt of the notice.  If no objection is filed, the court may approve the application without a hearing.

      (6)      ADEQUATE PROTECTION.  When a case is dismissed prior to confirmation, the court may require the debtor to provide adequate protection to one or more secured creditors by directing that the chapter 13 trustee make adequate protection payments from funds received under paragraph (f)(2) (Payments Under Plan) of this rule.

      (7)      INSURANCE COVERAGE.

            (A)      The debtor shall keep the property of the debtor and the bankruptcy estate insured in a manner and to the extent as may be deemed necessary, with loss payable clauses, in the case of pledged or mortgages property, in favor of the appropriate secured creditors as their interest may appear.

            (B)      The debtor shall ensure that any vehicle, if it is property of the debtor or property of the estate and is required by a security agreement, lease or other similar agreement to be covered by collision insurance, is not driven, unless the vehicle is so covered.

CHAPTER 13 FEE AGRMNT REV. 1. 2018

## United States Bankruptcy Court
### Eastern District of North Carolina

In re  **Daniel Jay Savage, II**  _____  Case No. _____

_____ Debtor(s)  Chapter  **13**  _____

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date:  **February 16, 2018**  _____  **/s/ Daniel Jay Savage, II**  _____

**Daniel Jay Savage, II**
Signature of Debtor

Carteret County Hosptial
Attn: Managing Agent
3500 Arendell St.
Morehead City, NC 28557

Child Support Enf Ag/NC
Nc Child Support Enforcement
Po Box 20800
Raleigh, NC 27619

Citimortgage
Attention: Managing Agent
PO Box 6243
Sioux Falls, SD 57117

CitiMortgage
Attention: Managing Agent
PO Box 6030
Sioux Falls, SD 57117-6030

City of Havelock
Attention: Managing Agent
1 Governmental Drive
Havelock, NC 28532

Direct TV
Attn: Managing Agent
211 E Lombard St, #307
Baltimore, MD 21202

Emergency Pet Hospital
Attention: Managing Agent
1301 A East Main Street
Havelock, NC 28532

First Point Collection Resources
Attention: Managing Agent
225 Commerce Pl
Greensboro, NC 27401

Gillespie & Murphy, PA
Attention: Managing Agent
PO Drawer 888
New Bern, NC 28563

I C System Inc
Attention: Managing Agent
PO Box 64378
Saint Paul, MN 55164

Internal Revenue Service
Attention: Managing Agent
PO Box 7346
Philadelphia, PA 19101-7346

Merchants Ad
56 N Florida St
Mobile, AL 36607

NCO Fin/99
Attention: Managing Agent
PO Box 41466
Philadelphia, PA 19101

Newport Animal Clinic
Attention: Managing Agent
295 Howard Blvd.
Newport, NC 28570

North Carolina Department of Revenu
Attention: Managing Agent
PO Box 1168
Raleigh, NC 27602-1168

On Site Storage - Mobile Mini Inc.
Attention: Managing Agent
6152 New Bern Hwy
Maysville, NC 28555

Online Collection
Attn: Managing Agent
685 W Fire Tower Rd
Winterville, NC 28590

Robert Clayton Davenport Jr.
Attention: Managing Agent
180 Avis Drive
Newport, NC 28570

Robert Schultz
Attention: Managing Agent
124-44 Hubert Blvd.
Hubert, NC 28539

Shapiro & Ingle, L.L.P.
Attorney At Law
10130 Perimeter Parkway, Suite 400
Charlotte, NC 28216

Sprint
Attn: Managing Agent
PO Box 931994
Atlanta, GA 31193-1994

US Dept. of HUD
Attention: Managing Agent
2 W 2nd St #400
Tulsa, OK 74103

Wendy Ransier
Attention: Managing Agent
807 S Yaupon Ter
Morehead City, NC 28557